**ALLIED ARTISTS PICTURES CORPO-RATION, Plaintiff,**

v.

**Claude A. GIROUX, Defendant.**

**No. 68 Civ. 2462.**

United States District Court,
S. D. New York.

May 7, 1970.

See, also, D.C., 312 F.Supp. 450.

Hughes, Hubbard & Reed, New York City, for plaintiff; Robert J. Sisk and Douglas F. Eaton, New York City, of counsel.

Epstein & Furman, New York City, for defendant; Bernard Furman, New York City, of counsel.

OPINION

MacMAHON, District Judge.

Plaintiff moves under Rule 37(d), Fed.R.Civ.P., for an order entering a default judgment against defendant because of defendant's failure to serve answers to eleven interrogatories within the time prescribed by Rule 33, Fed.R. Civ.P., or in the alternative for an order compelling defendant to answer the interrogatories and pay defendant the expenses incurred in obtaining the order, including reasonable attorney's fees.

The interrogatories in question were served on February 6, 1970. Defendant at no time filed objections to those interrogatories. Plaintiff's counsel courteously granted an extension of 15 days beyond the time answers were required by Rule 33(a), Fed.R.Civ.P. Defendant, however, did not serve answers within the extended time period. In fact, defendant waited until the morning of the argument, some 69 days after the interrogatories were first served, to serve on plaintiff's counsel a few sheets of paper purporting to be answers to interrogatories which were not signed by defendant as required by Rule 33(a), Fed.R.Civ.P.

Defendant's untimely and defective answers, even after plaintiff's counsel

granted him the courtesy of an extension, is totally unjustifiable and has put plaintiff to the expense of preparing and arguing this motion and has imposed an unnecessary burden on this court.

This sort of dilatory and inconsiderate conduct by an attorney is reprehensible, and although default judgment is too harsh a remedy, pecuniary sanctions are fitting both to compensate plaintiff for its expenses and deter repetition of such blatant disregard for the Federal Rules.

Accordingly, plaintiff's motion for an order entering a default judgment is denied. Plaintiff's motion to compel proper answers to the interrogatories and for reasonable expenses, including attorney's fees, is granted.

Settle order, accompanied by an appropriate affidavit, demonstrating facts enabling the court to fix a reasonable attorney's fee under the circumstances. See, Paolillo v. American Export Isbrandtsen Lines, Inc., 305 F.Supp. 250 (S.D.N.Y.1969).