**SURG–O–FLEX OF AMERICA, INC., Plaintiff,**

v.

**BERGEN BRUNSWIG CO. et al., Defendants.**

Civ. No. B–75–185.

United States District Court, D. Connecticut.

Nov. 23, 1977.

Peter J. Weissman, Stamford, Conn., for plaintiff.

Samuel V. Schoonmaker, III, C. Ian McLachlan, John B. Glendon, Cummings & Lockwood, Stamford, Conn., for defendants.

RULING ON MOTION FOR RULE 37 SANCTIONS

DALY, District Judge.

Defendants' motion for Rule 37 sanctions is hereby granted in part. After carefully reviewing the facts of this case and holding a chambers conference to discuss the import of these facts, this Court concludes that plaintiff should be taxed $1,335 in attorney's fees and compelled to comply with the remaining discovery. It is with some forebearance that this Court is refraining from dismissing the suit.

Plaintiff commenced this contract action in the Fairfield County Superior Court on May 9, 1975. In June of the same year defendant successfully removed the case to federal district court where jurisdiction was founded on diversity of citizenship. Pursuant to a schedule established by Judge Newman, defendants filed their answer and counterclaim and plaintiff filed its reply in November, 1975. A hiatus of thirteen

months followed in which settlement was discussed.

In January of 1977 defendants concluded that continued settlement negotiations were futile and proceeded with discovery. The discovery sought went to the heart of plaintiff's contract claim. Plaintiff's complaint alleged that defendants had ordered goods pursuant to written and oral purchase orders, but had refused to pay for these goods. The information sought by defendants, by means of requested documents and interrogatories, directly concerned the purchase orders and the alleged contractual damages.

Throughout the ten month period which followed the discovery request, plaintiff demonstrated a callous disregard not only for the mandate of the Federal Rules of Civil Procedure, but also for the officers of this court. On February 3, 1977 plaintiff failed to comply with discovery as required by Federal Rules 33 and 34. Defendants moved to compel discovery on February 10, 1977. This motion was granted by Magistrate Latimer on May 9, and plaintiff was given thirty days within which to comply with the discovery motion. The thirty days passed with no answer from the plaintiff. On June 23 defendants made their first motion for Rule 37 sanctions. In response to this motion Judge Newman issued an order on August 3 stating that judgment for defendants would enter unless plaintiff complied with discovery by August 31. This deadline also passed with no response from plaintiff. Not until September 29 did plaintiff file a response, and this response was deficient.

In the first part of September the case was transferred to this Court, and on October 14 all parties were called to a status conference.[1] At the conference defendants related the above facts and filed their second motion for Rule 37 sanctions. This Court ordered plaintiff to file additional answers, but declined to rule on the Rule 37 motion at that time.

Plaintiff filed additional answers on October 18. However, these answers were similarly deficient in that they directly contradicted several of the original answers and were still incomplete.

■ A chambers conference in which plaintiff's counsel was given an opportunity to explain his conduct was held on November 14. Inexperience and unfamiliarity with the Federal Rules was the only explanation offered by plaintiff's attorney. Suffice it to say that this justification is unacceptable. Such an explanation strains one's credulity; particularly when given by an attorney who has been a member of the bar for twenty-two years. Plaintiff's counsel has been unable to justify the fact that ten months and three court orders have passed without an adequate response to defendants' discovery.

■ The sanctions contained in Rule 37 were created precisely for situations such as this. *See generally,* Wright & Miller, *Federal Practice and Procedure,* § 2281 at 753–56 (1970). When the federal discovery rules were extensively revised in 1970, their drafters knew that these liberal discovery procedures would be ineffectual without adequate sanctions. Therefore, Rule 37 was amended to provide federal district courts with a wide range of sanctions that vary in severity. Among these sanctions are an order prohibiting a delinquent party from introducing designated matters in evidence and an award of attorney's fees. *See* Fed. R.Civ.P. 37(b)(2)(B) and (E). Although infrequently used, a court order precluding a party from introducing in evidence material that it did not divulge in discovery has been recognized as an effective method of encouraging compliance with discovery. *See e.g., Life Music, Inc. v. Broadcast Music Inc.,* 41 F.R.D. 16, 31–33 (S.D.N.Y.1966); *Wembley, Inc. v. Diplomat Tie Co.,* 216 F.Supp. 565, 573 (D.Md.1963). Similarly, an award of attorney's fees, particularly when large sums are involved, has proven to be a singularly effective deterrence to those who would flout federal discovery procedures.

---

1. It is worth noting that plaintiff's counsel did not appear for this conference and, when contacted, explained that he had not received notice of the conference.

See e.g., *Humphreys Exterminating Co., Inc. v. Poulter*, 62 F.R.D. 392, 394–95 (D.Md.1974); *White v. Beloginis*, 53 F.R.D. 480, 481 (S.D.N.Y.1971); *Allied Artists Pictures Co. v. Giroux*, 50 F.R.D. 151, 151–52 (S.D.N.Y.1970). There is ample authority to support the Court's use of these two sanctions in the instant case. *See* 4A Moore's Federal Practice ¶ 37.03, at 37–61, 37–77 (2d ed. 1975).

■ Finally, the Court must consider defendants' motions for dismissal pursuant to Rules 41(b) and 37(b)(2), (c). Although the Court is unwilling to grant a dismissal in this instance, this decision should not be construed as a determination that dismissal would be improper under Rule 37(b)(2), (c). The facts here might well substantiate a finding of wanton and wilful misconduct as required by *Flaks v. Koegel*, 504 F.2d 702, 709 (2d Cir. 1974). *See Paine, Webber, Jackson & Curtis, Inc., v. Inmobiliaria Melia de Puerto Rico, Inc.*, 543 F.2d 3, 6 (2d Cir. 1976); *Charron v. Meaux*, 66 F.R.D. 64, 67 (S.D.N.Y.1975). More importantly, plaintiff has clearly manifest the type of "flagrant bad faith" and "callous disregard" which the Supreme Court requires to uphold a Rule 37(b)(2) dismissal. *See National Hockey League v. Met. Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747, *reh. den.*, 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1975); *Affanato v. Merrill Bros.*, 547 F.2d 138, 141 (1st Cir. 1977); *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379 (5th Cir. 1976). It is only in the exercise of its discretion that this Court is denying without prejudice defendants' requests for dismissal.

PLAINTIFF IS HEREBY ORDERED to pay defendants' counsel $1,335 before December 2, 1977. If defendants' attorney is not in receipt of this sum by December 2, 1977, then he is directed to notify this Court forthwith and a hearing will be called to determine the propriety of dismissing the case altogether. *See Flaks v. Koegel*, 504 F.2d 702, 709 (2nd Cir. 1974).

IT IS FURTHER ORDERED that plaintiff is estopped from using any and all documents which have been the subject of defendants' discovery requests, but which have not been given to defendants' counsel by December 2, 1977.