Kevin ROGERS, Plaintiff,

v.

CHICAGO PARK DISTRICT et al., Defendants.

No. 79 C 3852.

United States District Court, N. D. Illinois, E. D.

April 22, 1981.

Laurie E. Leader of Leader & Tinaglia, Chicago, Ill., for plaintiff.

Joseph A. Power, Atty. Gen., Chicago, Ill., for defendants Chicago Park Dist.

## MEMORANDUM OPINION

WILL, Senior District Judge.

The primary issue raised in plaintiff's motion for an order that certain facts be taken

as established is what sanctions should be imposed for the defendant's failure to produce documents pursuant to a discovery request and subsequent court order.

On December 19, 1979, shortly after this suit was filed, the plaintiff served upon the defendant a request to produce. On February 13, August 18, and September 18, 1980, the plaintiff's attorneys went to the defendant's offices to inspect and copy documents specified in the request. They were particularly interested in patronage or sponsorship letters recommending the hiring of certain employment applicants or recommending certain employees for promotion and so forth. Although the attorneys were told that all such letters were kept in the General Supervisor's office, they were never given the opportunity to inspect or copy the letters.

When the plaintiff had not received copies of any patronage or sponsorship letters pursuant to his request by September, he moved for an order compelling production of the documents. The motion was granted on September 4.

On September 18, defendant's counsel informed the plaintiff that all patronage letters had been destroyed. The plaintiff, to confirm this information, took second depositions of Horace Lindsey and Ann Herman, two of the defendant's employees. In her deposition, Ms. Herman stated that, since 1980, the park district has refused to accept patronage letters. (Tr. 7) Prior to 1980, Ms. Herman testified that she accepted and kept such letters for five or six months, but eventually destroyed them. (Tr. 8–9) She explained that she, personally, burned the letters in the boiler in the park district office's basement. (Tr. 12) When asked when she last destroyed letters, Ms. Herman replied that it was "around the first of the year." (Tr. 10) Although this was well after this action was instituted and a request to produce had been filed and served, she denied that she knew the letters were important and relevant to unfair employ-

ment practices suits, or that she had been told by anyone to retain the letters. (Tr. 10, 13)

Shortly thereafter, the plaintiff filed a motion for default judgment or, in the alternative, for an order that certain facts be taken as established. We granted this motion insofar as the plaintiff sought to have certain facts deemed established, and asked the parties to prepare an order setting out the facts to be deemed established.

Although the parties apparently tried to reach an agreement on the order, they failed to do so. The plaintiff now argues that the following facts should be ordered established:

1. Defendant Chicago Park District established and administered a patronage system within the Park District during the course of plaintiff's employment.

2. That patronage system played a dominant or significant role in the Park District's employment decisions.

3. Upon his promotion by the defendant to the position of natatorium instructor on or about September 30, 1972, plaintiff tendered a patronage or sponsorship letter from Neal Hartigan, a ward committeeman.

4. Defendant is aware of the plaintiff's aforesaid sponsorship by Neal Hartigan.

5. Thereafter, plaintiff moved from Mr. Hartigan's ward.

6. Defendant is aware of the aforesaid move by the plaintiff out of Mr. Hartigan's ward.

7. Defendant treated plaintiff differently in his employment once he no longer enjoyed the benefits of Mr. Hartigan's political sponsorship.

The defendant apparently believes that the sanctions which the plaintiff seeks are harsher than warranted.

We agree with the defendant that the plaintiff's proposed order is in some respects a harsher sanction than warranted in this case. The proper sanction under Rule 37(b) for a party's failure to obey a court order regarding discovery should be no more severe than is necessary to prevent prejudice to the other party. *Wilson v. Volkswagon of American, Inc.*, 561 F.2d 494, 504 (4th Cir. 1977). Thus, the extent to which one party's failure to produce documents impairs the other party's ability to prosecute or defend should be the focus of any attempt to frame sanctions under this rule. *Id.* at 516.

It is clear that the plaintiff in this case has been seriously prejudiced by the defendant's destruction of all patronage and sponsorship letters, since there is no other record of which or how many employees had patronage letters. As a result, the plaintiff will have difficulty proving that the park district made hiring, retention, and promotion decisions based on such letters. Nevertheless, some of the facts that plaintiff asks us to deem established are facts which, even if he had the patronage letters, he might not be able to prove.

For example, the plaintiff asks us to deem established the fact that the park district "established and administered a patronage system during the course of Plaintiff's subject employment." Although it certainly will be harder for plaintiff to prove that the park district adhered to a patronage system without the patronage letters, it won't be impossible. He may be able to establish the existence of such a system via the testimony of park district employees and administrators. Moreover, even with the patronage letters, the plaintiff might not be able to prove the existence of such a system; that the park district had patronage letters in its files, at best, is only circumstantial evidence that the park district used the letters in making employment decisions. On the other hand, the fact that the defendant had patronage letters in its files and destroyed them after this action was instituted strongly suggests that they were significant evidence with respect to whether or not it adhered to a patronage system. It does not, however, justify deeming that fact to be established.

For similar reasons, we will deny the plaintiff's request that proposed facts 3 and 4 be deemed established. At the time we granted the plaintiff's motion for sanctions, we recommended that he depose his former sponsor, Mr. Hartigan. According to the docket sheet, the plaintiff took our advice. Through the information he obtained from Mr. Hartigan and through his own testimony, the plaintiff should be able to establish that he tendered a patronage letter from Mr. Hartigan to the park district shortly before his promotion, and that the park district was aware of Mr. Hartigan's sponsorship of the plaintiff. Consequently, since the plaintiff's ability to establish these two allegations is not seriously impaired by the defendant's destruction of patronage letters, there is insufficient reason to deem these facts established, although again the fact of destruction is relevant and defendant certainly is foreclosed from denying that a patronage letter from Mr. Hartigan was in plaintiff's file.

We also deny plaintiff's request that we deem proposed facts 5, 6 and 7 established. The patronage letters, even if the defendant had produced them, would be irrelevant to whether the plaintiff moved from Mr. Hartigan's ward after his promotion, whether the park district was aware of his move, and whether the plaintiff was treated differently after he lost Mr. Hartigan's sponsorship. These allegations could be established only through the plaintiff's own testimony and through that of park district employees and administrators. Thus, the destruction of the park district's patronage letters has not prejudiced the plaintiff insofar as proof of these allegations is concerned.

Proposed fact 2, in contrast, presents a closer question. The plaintiff requests that we deem established that the "patronage system played a dominant or significant role in the Park District's employment decisions." Using the sponsorship letters in the park district's files, the plaintiff could have

compared the employment histories of park district employees who had such letters with the employment histories of park district employees, if any, who did not have sponsorship letters to establish that patronage letters significantly influenced the park district's employment decisions or whether the identities of the sponsors were significant. In the absence of sponsorship letters or a list of persons who sent or had such letters, however, it undoubtedly will be difficult for the plaintiff to establish this allegation.

Consequently, we will deem established (1) that the park district accepted sponsorship or patronage letters from prospective and current employees, (2) that these letters were retained as part of employees' files for an indefinite period of time, (3) that these letters were intentionally destroyed shortly after the present lawsuit was filed, and (4) that patronage played a significant role in the park district's employment decisions.

An order prohibiting the defendant from using at trial the absence of patronage letters in a park district employee's file—including the plaintiff's file—as evidence that such letters played no part in employment decisions will also be entered.

One other issue which was raised in the plaintiff's original motion for sanctions and which has not yet been addressed is whether we should order the defendant to reimburse the plaintiff for the additional costs he incurred as a result of its destruction of the sponsorship letters. We believe that we should assess costs against the park district, particularly those costs that the plaintiff incurred in searching for the letters after they had been destroyed. The plaintiff apparently was put to significant expense trying to locate these documents, seeking an order to compel production, de-

posing for a second time two park district employees in order to find out what happened to the letters, and bringing this motion for sanctions. These expenses would not have been incurred had the park district told the plaintiff a year ago that these documents had been destroyed. Since the defendant knew about the destruction a year ago, its waiting until September 20, 1980, to tell the plaintiff about it is inexcusable. There is considerable support, as the plaintiff contends, for awarding costs in a situation like the present one. *See, e. g., Bell v. Automobile Club of Michigan*, 80 F.R.D. 228, 235 (E.D.Mich.1978). In fact, F.R.Civ.P. Rule 37(b) provides that a court "*shall* require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust" (emphasis added). The circumstances surrounding the destruction of the letters and the silence regarding the destruction indicate that the failure to obey the order in this case was not substantially justified.

If plaintiff will tender evidence as to the additional expenses and fees he incurred as a result of defendant's actions, giving defendant an opportunity to review and object to the same, we will enter an appropriate order. Meanwhile, an order consistent with the foregoing as to facts deemed established and prohibiting defendant from using at trial the absence of patronage letters in its file will enter.