**M & D BUILDERS, INC.,**

v.

**Charles H. PECK, Burgess P. Standley, Ralph C. Good., Jr., Paul B. Rhuda.**

**Civ. A. No. 82–2103–Mc.**

United States District Court,
D. Massachusetts.

Feb. 18, 1986.

authentication inherent in compelled compliance with a subpoena.

Carrol E. Ayers, Ayers & Conley, Wakefield, Mass., for plaintiffs.

Robert F. Sylvia, Boston, Mass., for defendants.

Paul R. DeRensis, Deutsch, Williams, Glass, Brooks & DeRensis P.C., Boston, Mass., for Peck, Standley, Good, Rhuda and Preston.

Robert F. Sylvia, Fine & Ambrogne, Boston, Mass., for Peck, Standley, Good and Rhuda.

## FINAL ORDER ON DEFENDANTS' MOTION FOR SANCTIONS AND REQUEST FOR HEARING (# 53)

ROBERT B. COLLINGS, United States Magistrate.

On January 16, 1985, the defendants filed Defendants' Request For Production Of Documents (# 38). Plaintiff's Response To Defendant's Request For Production Of Documents (# 41) was filed on February 19, 1985. In its response, plaintiff objected to requests ## 3, 4 & 13.

On June 3, 1985, the defendants filed Defendants' Motion To Compel Production Of Documents (# 47) and Defendants' Memorandum In Support Of Motion To Compel (# 48). The memorandum was five pages in length. In the memorandum, counsel for the defendants (1) noted that the plaintiff had produced none of the documents which it had agreed to produce in its response which had been filed in February and (2) discussed specifically with the objections which the plaintiff had interposed to three of the document requests and argued that the objections were without merit.

No opposition to Defendants' Motion To Compel Production Of Documents (# 47) was filed. Accordingly, on September 6, 1985, the undersigned issued an Order, Etc. (# 52) pursuant to Rule 37(a)(2), F.R.Civ.P., directing the plaintiff to produce the documents by September 27th.

The matter is now before the Court on the request of the defendants for an award of costs, including attorney's fees, incurred in obtaining the Order, Etc. (# 47) which entered on September 6, 1985. This request is the only item remaining to be decided on Defendants' Motion For Sanctions, Etc. (# 53), all other items contained in that motion having been decided on January 27, 1986 in my First Order On Defendants' Motion For Sanctions, Etc. (# 59, entered 1/27/86).

Defendants' claim $375.00 for five hours of attorney time at a rate of $75.00 per hour. Plaintiff opposes any award, arguing (1) that the plaintiff did not file an opposition to Defendants' Motion To Compel Production Of Documents (# 47) because plaintiff's counsel had decided not to press its objections to producing the three categories of documents to which it had previously filed objections and (2) the plaintiff subsequently produced all documents which the defendants requested and which were within its custody, control and/or possession in compliance with the September 6th Order.

Rule 37(a)(4), F.R.Civ.P., provides, in pertinent part:

> (4) *Award of Expenses of Motion.* If the motion [to compel] is granted, the court *shall*, after opportunity for hearing, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Emphasis supplied.

It is to be noted that the award of expenses, including attorney's fees, is *man-*

*datory* unless the Court is able to make either of the two findings specified, i.e. either (1) that the opposition to the motion was substantially justified, or (2) that other circumstances make an award of expenses unjust.

In the instant case, the Court is unable to make either of the two findings. Since no opposition to the motion to compel was filed, it is impossible to find any "substantial justification" to the opposition. I am also unable to find any other circumstances which make an award of expenses unjust. The plain fact is that the defendants had to expend funds and incur expenses to compel the plaintiff to produce discovery to which the defendants were entitled. If the plaintiff had withdrawn its objections and produced the documents in a timely fashion, the defendants would not have been put to this expense. Rule 37(a)(4), F.R.Civ.P., is specifically designed to prevent a party seeking discovery from having to bear the costs of obtaining an order compelling discovery. The party to whom the order is directed has to bear the costs.

I shall award the defendants the $375.00 which they seek. The rate of $75.00 per hour is reasonable, and five hours is a reasonable time to spend in preparing the motion to compel and the memorandum in support of the motion and writing the clerk to insure that the motion was acted upon.

Accordingly, it is ORDERED that the Defendants' Motion For Sanctions, Etc. (# 53) be, and the same hereby is, ALLOWED to the extent that the plaintiff is ORDERED, pursuant to Rule 37(a)(4), F.R. Civ.P., to pay to counsel for the defendants the sum of three hundred seventy-five dollars ($375.00) *on or before the close of business on Monday, March 17, 1986.*