Carmen STORNAIUOLO, Jr., Plaintiff,

v.

NEW HAMPSHIRE BOAT BUILDERS, INC., Defendant and Third-Party Plaintiff,

v.

DETROIT DIESEL, Bomar, Inc., Atlantic Battery Company, Third-Party Defendants.

Civ. A. No. 85–1612–WF.

United States District Court, D. Massachusetts.

Jan. 20, 1987.

Henry F. Owens III, Owens & Associates, Boston, Mass., for Stornauiolo.

Stephen R. Delinsky, Fine & Ambrogne, Daniel Goldbert, Sarah Morison, Bingham Dana Gould, Boston, Mass., for New Hampshire Boat Builders.

Paul J. Gillespie, Driscoll, Gillespie & Stanton, Lynnfield, Mass., for Bomar, Inc.

Bruce A. Migell, Atlantic Battery Co. Inc., Watertown, Mass., for Atlantic Battery.

## MEMORANDUM AND ORDER ON DEFENDANT AND THIRD–PARTY PLAINTIFF NEW HAMPSHIRE BOAT BUILDERS, INC.'S MOTION FOR AN ORDER COMPELLING DISCOVERY FROM THE PLAINTIFF CARMEN STORNAIUOLO, JR. (# 63)

ROBERT B. COLLINGS, United States Magistrate.

This case presents questions with respect to the proper sanctions to be imposed for failure to comply with Local Rule 16(d) and the applicability of Rule 37(a)(4), F.R. Civ.P., to such a failure.

The defendant and third-party plaintiff, New Hampshire Boat Builders, Inc. (hereinafter, the defendant), served interrogatories and requests for production of documents upon the plaintiff, Carmen Stornaiuolo, Jr. (hereinafter, the plaintiff), pursuant to Rules 33 and 34, F.R.Civ.P. So far as appears, answers and/or objections to the interrogatories and responses to the document requests were timely served. The plaintiff objected to interrogatories ## 15(b), 15(g) and 15(h) and requests ## 2 (in part), 5 and 6.

In this situation, Local Rule 16(d) (eff. 7/1/86) was fully applicable. That rule provides, in pertinent part:

(d) Conference of Counsel to Settle Objections. With respect to all motions and objections relating to discovery, counsel for each of the parties shall confer in advance of any hearing in a good faith effort to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the movant to arrange for the conference. To curtail undue delay in the administration of justice, the clerk is directed not to file motions for discovery and production of documents unless accompanied by a certificate from moving counsel

stating that after personal consultation and attempts to resolve differences, counsel are unable to reach an accord. This statement shall include that date, time and place of such conference and the names of all participating parties.

On December 23, 1986, the defendant filed Defendant And Third-Party Plaintiff New Hampshire Boat Builders, Inc.'s Motion For An Order Compelling Discovery From The Plaintiff, Carmen Stornaiuolo, Jr. (# 63). The motion was accompanied by an Affidavit Of Susan Tuchman (# 64) which served as the certificate required by Local Rule 16(d). The affidavit recited, in pertinent part:

3. Stornaiuolo filed his Answers to the Interrogatories and his Response to the Document Request on or about March 19, 1986. He made objections to certain interrogatories and Document Requests.

4. On or about May 2, 1986, I sent a letter to Attorney Henry F. Owens, III, counsel for Stornaiuolo. In that letter, I explained and clarified those Interrogatories and Document Requests to which Stornaiuolo had objected in an attempt to resolve discovery differences in an amicable manner ... I never received a response to the letter.

4. On or about December 5, 1986, I spoke with Attorney Stephen J. Kuzma of Attorney Owens' office, regarding the outstanding discovery differences. Attorney Kuzma indicated that he was aware of my letter to Attorney Owens dated May 2, 1986. He agreed to contact me sometime the following week in order to attempt to resolve the discovery controversy.

6. When I did not receive a response from Attorney Kuzma, I wrote a letter to him, dated December 12, 1986. In that letter, I again indicated Boat Builders' desire to resolve the outstanding discovery differences. I also enclosed another copy of my letter of May 2, 1986 to Attorney Owens, outlining Boat Builders' position as to why the information sought is discoverable ...

7. In my letter to Attorney Kuzma, I requested that he contact me by December 17, 1986. If I did not receive a response by that date, I indicated that I would be required to resort to a motion for discovery and the production of documents.

8. I have not received any response from Attorney Kuzma to date [December 19, 1986].

■ On December 27, 1986, plaintiff filed Plaintiff, Carmen Stornaiuolo, Jr.'s Opposition To Defendant And Third Party Plaintiff's Motion To Compel Discovery (# 65). In the opposition, the plaintiff stated that he would answer interrogatories 15(b)(g) and (h) and produce all documents in response to request # 2 and some documents in response to request # 5. He continued to maintain his objection to request # 6. There is nothing contained in the opposition which contradicts the facts recited in Ms. Tuchman's Affidavit or offers any explanation as to the reasons why plaintiff's attorney failed to confer as required by Local Rule 16(d). In these circumstances, I must assume that the facts contained in Ms. Tuchman's affidavit are admitted by counsel for plaintiff and that there is no excuse for counsel for the plaintiff failing to comply with the duty imposed upon him by Local Rule 16(d).

■ In my opinion, the conduct of plaintiff's counsel defeats the purpose for which Local Rule 16(d) was promulgated. The plain purpose of the rule is to obviate the necessity of filing motions to compel with respect to issues relating to discovery which counsel can resolve between themselves. If counsel for the plaintiff had performed the duty imposed by Local Rule 16(d) and conferred personally with counsel for the defendant, at the very least the defendant would have known that the plaintiff was waiving some of its objections and thus would have had to file a motion to compel only as to two items, i.e. requests ## 5 (in part) and 6, rather than a motion as to all of requests ## 2, 5 and 6 and the three subparts of interrogatory # 15. In addition, if a conference had taken place,

there very well may have been further progress, possibly obviating the need for the filing of any motion to compel.

It is essential that counsel practicing in this Court comply fully and in good faith with the provisions of Local Rule 16(d). The costs of litigation are much too high for parties to have to incur the costs of preparing and filing needless motions to compel. Similarly, there are far too many demands on the Court's time for the Court to have to deal with motions which would not have been filed if counsel had put forth a little effort to resolve differences. The matter is of sufficient importance for the imposition of sanctions for failure to comply with the rule.

Accordingly, on account of plaintiff's counsel's failure to comply with Local Rule 16(d), I shall not consider plaintiff's opposition to the motion to compel. The corollary of the prohibition against the Clerk filing a motion to compel which does not contain a statement certifying compliance with Local Rule 16(d) is that an opposition to a motion to compel filed by a party who has utterly failed to comply in good faith with Local Rule 16(d) should not be considered by the Court. Therefore, it is ORDERED that Defendant And Third-Party Plaintiff New Hampshire Boat Builders, Inc.'s Motion For An Order Compelling Discovery From The Plaintiff, Carmen Stornaiuolo, Jr. (# 63) be, and the same hereby is, ALLOWED. Pursuant to Rule 37(a)(2), F.R. Civ.P., the plaintiff is ORDERED to serve full and complete answers to interrogatories ## 15(b), 15(g) and 15(h) and to produce all of the documents requested in requests ## 2, 5 and 6 *on or before the close of business on Friday, February 13, 1987.*

■ I am of the further opinion that an award pursuant to Rule 37(a)(4), F.R.Civ.P., is warranted on these facts. That rule provides, in pertinent part:

(4) *Award of Expenses of Motion.* If the motion [to compel] is granted, the court *shall,* after opportunity for hearing, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Emphasis supplied.

As I indicated in an opinion which I wrote last year, under Rule 37(a)(4), F.R. Civ.P.,

... the award of expenses, including attorney's fees, is *mandatory* unless the Court is able to make either of the two findings specified, i.e. either (1) that the opposition to the motion was substantially justified, or (2) that other circumstances make an award of expenses unjust.

*M & D Builders, Inc. v. Peck,* 109 F.R.D. 410, 411–12 (D.Mass., 1986) (Emphasis in original).

In my opinion, an opposition filed without compliance with Local Rule 16(d) can never be "substantially justified" or outweighed by "other circumstances which [would] make an award of expenses unjust." Any other conclusion would render Local Rule 16(d) of no consequence and would completely frustrate the salutary purposes behind the rule.

Accordingly, counsel for the defendant shall file and serve, *on or before the close of business on Friday, January 30, 1987,* an affidavit detailing the reasonable expenses, including attorney's fees, incurred in obtaining the order compelling discovery herein contained. Counsel for the defendant shall include time spent in attempting to comply with Local Rule 16(d) and time spent in attempting to induce counsel for the plaintiff to comply with the rule. Counsel for the plaintiff is granted leave to file a response/opposition to defendant's counsel's affidavit *on or before the close of business on Friday, February 13, 1987.* If counsel for the plaintiff seeks a hearing, he shall include a request for same in his response/opposition. If no request for a hearing is contained in the response/oppo-

sition, the Court will rule on the basis of the papers submitted.