**MIDLAND–ROSS CORPORATION,**

v.

**ZTEL, INC.**

**Civ. A. No. 86–2685–WD.**

United States District Court,
D. Massachusetts.

Jan. 23, 1987.

Joseph J. Leghorn, Michael P. Kenyon, Warner & Stackpole, Boston, Mass., for plaintiff.

David H. Erichsen, Hale & Dorr, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON MOTION TO COMPEL DISCOVERY (# 7)

ROBERT B. COLLINGS, United States Magistrate.

■ This case presents the question as to whether a party can "waive" its obligations under Local Rule 16(d). I rule that a party has no power whatsoever to "waive" the obligations imposed upon counsel by the rule.

On October 30, 1986, the plaintiff filed a set of interrogatories and a request for production of documents upon the defendant. Pursuant to Rules 33(a) and 34(b), F.R.Civ.P., answers and/or objections to the interrogatories and responses to the request for production of documents were due within thirty days. Evidently, the defendant did not file its answers/objections or responses as required.

On December 31, 1986, the plaintiff filed a Motion To Compel Discovery (# 7). A "Certificate of Moving Counsel" (# 8) was also filed in compliance with Local Rule 16(d).

Local Rule 16(d) (eff. 7/1/86) provides, in pertinent part:

(d) Conference of Counsel to Settle Objections. With respect to all motions and objections relating to discovery, counsel for each of the parties shall confer in advance of any hearing in a good faith effort to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the movant to arrange for the conference. To curtail undue delay in the administration of justice, the clerk is directed not to file motions for discovery and production of documents unless accompanied by a certificate from moving counsel stating that after personal consultation and attempts to resolve differences, counsel are unable to reach an accord. This statement shall include that date, time and place of such conference and the names of all participating parties.

The "Certificate Of Moving Counsel" which plaintiff's counsel filed on December 31, 1986 in order to comply with Local Rule 16(d) reads, in pertinent part:

1. On December 30, 1986, at approximately 3:00 P.M., I spoke by telephone with David Erichsen, attorney for defendant Ztel, Inc.

2. I stated that Ztel, Inc. was several weeks late in responding to discovery requests, and asked whether an agreement could be reached as to when Ztel, Inc. would respond.

3. Mr. Erichsen responded that no such agreement could be reached.

4. I requested that we confer in person, but Mr. Erichsen stated that a meeting would not be possible until January 8, 1987 or later because he was leaving in a few hours for a vacation. *He further stated that he waived any requirement under Local Rule 16(d) to confer in person.* (Emphasis added).

Pursuant to Local Rule 17(a)(3), an opposition to the plaintiff's Motion To Compel Discovery (which was filed on December 31, 1986) was due within ten days of the date of service, which was December 31 in hand. Thus, the opposition was due on or before January 15, 1987, at least a week after Mr. Erichsen's return from vacation. However, no opposition was filed within that time, or to date. In these circumstances, I must assume that the facts contained in the "Certificate of Moving Counsel" are true and that defendant's counsel is of the view that he can unilaterally "waive" the duty imposed upon him by Local Rule 16(d).

Defendant's counsel's view is clearly erroneous. There is nothing in the Local Rules nor in logic which would permit an attorney for a party to "waive" a duty

imposed upon him by a Local Rule. If such "waivers" were permitted, they would totally defeat the purpose for which Local Rule 16(d) was promulgated. The plain purpose of the rule is to obviate the necessity of filing motions to compel with respect to issues relating to discovery which counsel can resolve between themselves. If counsel for the defendant had performed the duty imposed by Local Rule 16(d) and conferred personally and in good faith with counsel for the plaintiff, an agreement could well have been reached as to the date by which the defendant was to reply to the plaintiff's discovery. There is no indication that plaintiff's counsel was unwilling to meet with defendant's counsel after defendant's counsel returned from his vacation, and there is no indication that a date for the defendant to respond to the discovery could not have been set by agreement which took into account defendant's counsel's plans for vacation. But the notion that defendant's counsel could just ignore his obligations under the rule by stating that he "waived" them is absurd.

As I indicated in the recent case of *Stornaiuolo v. New Hampshire Boat Builders, Inc.*, 113 F.R.D. 655 (D.Mass.1987):

> It is essential that counsel practicing in this Court comply fully and in good faith with the provisions of Local Rule 16(d). The costs of litigation are much too high for parties to have to incur the costs of preparing and filing needless motions to compel. Similarly, there are far too many demands on the Court's time for the Court to have to deal with motions which would not have been filed if counsel had put forth a little effort to resolve differences. The matter is of sufficient importance for the imposition of sanctions for failure to comply with the rule.

Id. at p. 658.

■ Accordingly, no opposition having been filed, it is ORDERED that plaintiff's Motion To Compel Discovery (# 21) be, and the same hereby is, ALLOWED. Pursuant to Rule 37(a)(2), the defendant is ORDERED to produce all of the documents contained in the plaintiff's document request of October 30, 1986 and serve full and complete answers to the plaintiff's first set of interrogatories served October 30, 1986 *on or before the close of business on Thursday, February 12, 1987.*

■ In addition, as in the case of *Stornaiuolo v. New Hampshire Boat Builders, supra,* I am of the further opinion that an award pursuant to Rule 37(a)(4), F.R.Civ.P., is warranted on these facts. That rule provides, in pertinent part:

> (4) *Award of Expenses of Motion.* If the motion [to compel] is granted, the court *shall,* after opportunity for hearing, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Emphasis supplied.

As I indicated in an opinion which I wrote last year, under Rule 37(a)(4), F.R. Civ.P.,

> ... the award of expenses, including attorney's fees, is *mandatory* unless the Court is able to make either of the two findings specified, i.e. either (1) that the opposition to the motion was substantially justified, or (2) that other circumstances make an award of expenses unjust.

*M & D Builders, Inc. v. Peck,* 109 F.R.D. 410, 411–12 (D.Mass.,1986) (Emphasis in original).

In my opinion, an attempt to "waive" the requirements of Local Rule 16(d) can never be "substantially justified" or outweighed by "other circumstances which [would] make an award of expenses unjust." Any other conclusion would render Local Rule 16(d) of no consequence and would completely frustrate the salutary purposes behind the rule.

Accordingly, counsel for the plaintiff shall file and serve, *on or before the close*

*of business on Friday, January 30, 1987,* an affidavit detailing the reasonable expenses, including attorney's fees, incurred in obtaining the order compelling discovery herein contained. Counsel for the plaintiff shall include time spent in attempting to comply with Local Rule 16(d) and time spent in attempting to induce counsel for the defendant to comply with the rule. Counsel for the defendant is granted leave to file a response/opposition to defendant's counsel's affidavit *on or before the close of business on Friday, February 13, 1987.* If counsel for the defendant seeks a hearing, he shall include a request for same in his response/opposition. If no request for a hearing is contained in the response/opposition, the Court will rule on the basis of the papers submitted.