Lawrence R. JANKINS, Plaintiff,

v.

TDC MANAGEMENT CORP., INC., et al., Defendants.

Civ. A. No. 88–0989 TFH/DAR.

United States District Court, District of Columbia.

Feb. 17, 1989.

MEMORANDUM OPINION

DEBORAH A. ROBINSON, United States Magistrate.

Presently before the Magistrate are plaintiff's Motion for Award of Attorney's Fees and Expenses, plaintiff's Motion for Sanctions and Defendants' Motion for Sanctions. The procedural history relevant to these motions presents "a picture of persistent and studied indifference"[1] by counsel for defendants to the Federal Rules of Civil Procedure and the Orders and Local Rules of this Court.

*Procedural History*

By a complaint filed on April 13, 1988, plaintiff seeks damages for monies owed for services he performed while employed by defendants from August, 1986 to September, 1987. In interrogatories and a request for production of documents filed contemporaneously, plaintiff sought discovery regarding such matters as the services performed or rendered by plaintiff, monies received by defendants for those services, the organization of the corporate defendants and the role of the individual defendants in the corporations. On June 27, 1988, the trial court (Hogan, J.) ordered that defendants respond to plaintiff's initial discovery requests, then nearly a month overdue, by July 1, 1988, and further ordered that discovery be completed not later than October 28, 1988.

Despite the aforementioned Order, defendants failed to respond to plaintiff's initial discovery requests until July 7. On July 27, plaintiff filed a motion to compel answers to his interrogatories and request for production of documents. In the memorandum of points and authorities in support of the motion, plaintiff alleged that defendants' responses were incomplete, unresponsive and untrue, and that their "general objections" were unjustified. On Au-

1. *Riverside Memorial Mausoleum, Inc. v. Sonnenblick–Goldman Corporation*, 80 F.R.D. 433, 434 (E.D.Pa.1978).

gust 2, plaintiff, by separate motion pursuant to Fed.R.Civ.P. 37(a)(4), sought an award of attorney's fees and expenses incurred in moving to compel discovery. By an Order entered on August 3, 1988, the trial court referred the motion to compel and any other discovery disputes which might arise to the undersigned United States Magistrate. On August 10, plaintiff moved pursuant to Fed.R.Civ.P. 11 and 26(g) for an order imposing sanctions upon defendants, their counsel, or both, for their failure to cooperate in good faith with discovery proceedings and defendants' counsel's certification of pleadings in violation of those rules. *See* Plaintiff's Motion for Sanctions at 1; Memorandum of Points and Authorities in Support of Plaintiff's Motion for Sanctions at 4–9.[2]

Since the referral, the conduct of discovery by defendants' counsel, untimely from the start, has become increasingly dilatory and contumacious. After an initial informal discovery status conference, the Magistrate, relying upon the assurances of defendants' counsel that the responses to plaintiff's initial discovery requests would be made promptly, stayed further consideration of plaintiff's motion to compel, motion for award of attorney's fees and expenses and motion for sanctions. *See* September 14, 1988 Order. However, the Magistrate's attempt to resolve the discovery dispute informally did not have the intended salutary effect upon defendants' counsel: three additional orders were entered requiring that the discovery sought by plaintiff in his initial and subsequent discovery requests be made. *See* September 22, November 17 and December 6, 1988 Orders. Nor did the Magistrate's attempt to resolve the discovery disputes informally promote cooperation by defendants' counsel with the efforts of plaintiff's counsel to complete discovery without the need for further intervention by the Magistrate:

even plaintiff's counsel's request for the address of a prospective deponent met with unjustified resistance, and defendants' counsel provided the address only after he was ordered to do so during a telephone conference call. *See* December 6, 1988 Order at 1.

Plaintiff's Motion to Compel was granted by the Magistrate's Order of December 15, 1988 following a hearing on that date. Defendants' counsel never filed any opposition to the motion, or offered any lawful justification at the hearing for his failure to cooperate in good faith with plaintiff's efforts to take discovery or to comply with the Orders of the Court.

A hearing on plaintiff's Motion for Award of Attorney's Fees and Expenses and Motion for Sanctions was scheduled for January 3, 1989. Defendants, "[n]ot coincidentally,"[3] filed a Motion for Sanctions pursuant to Fed.R.Civ.P. 11 on the day of the hearing, and alleged, *inter alia*, that plaintiff and his counsel refused to respond fully to defendants' discovery requests.[4]

At the hearing, counsel for plaintiff indicated that all of defendants' supplemental responses to plaintiff's interrogatories had still not been made. Counsel added that the deposition by plaintiff of defendant Conrad Monts had to be adjourned because of representations that he had become "weak," and that the deposition of defendant Barbara Monts did not take place despite the prior agreement among counsel and a proper notice of deposition. Finally, counsel added that many of the requested documents, including the financial reports concerning the defendants, had still not been produced.

Counsel for plaintiff argued that plaintiff had been forced to seek the intervention of the Magistrate on at least four occasions because of the failure of defendants' counsel to cooperate in discovery or to comply

---

2. The motion and supporting memorandum erroneously cite Fed.R.Civ.P. 26(h) as the relevant authority; it is evident that it is instead Fed.R. Civ.P. 26(g) to which plaintiff refers.

3. *See* February 9, 1989 Order of Judge Thomas F. Hogan denying defendants' Motion for Sanctions at 1.

4. That portion of defendant's motion relating to issues other than discovery has been denied by the trial court. *See* February 9, 1989 Order of Judge Thomas F. Hogan denying defendants' motions for sanctions.

with the Magistrate's Orders. Counsel maintained that the imposition of sanctions was warranted and asked that a full range of sanctions for the misconduct of defendants' counsel, including entry of a default, be considered.

In support of defendants' motion for sanctions, counsel for defendants argued that defendants had not received (1) an executed copy of plaintiff's responses to defendants' interrogatories, (2) documents responsive to their requests for production of documents or (3) clarification from counsel for plaintiff of the meaning of certain of plaintiff's interrogatories.[5] Defendants' counsel did not further identify the discovery requests or responses which were the subject of his motion. When asked by the Magistrate why he made no mention of those matters during any of the four discovery status conferences on the telephone conference call which preceded the current hearing, or in any of the three discovery status reports filed on behalf of defendants, counsel said only that he did not like to bother the Court with motions until it is obvious that the requested discovery will not be forthcoming. However, in contradiction of the claim asserted in the motion that responses to some of defendants' discovery requests were outstanding, counsel for defendants had previously represented that defendants "have no need of any further discovery," Defendants' Second Interim Discovery Status Report at 3, and that defendants had completed discovery in October. Response to Plaintiff's Discovery Status Report of December 8, 1988 at 5.[6]

At the conclusion of the hearing, the Magistrate took the parties' motions for sanctions and plaintiff's Motion for an Award of Attorney's Fees and Expenses under advisement. The magistrate ordered, *inter alia,* (1) that all documents responsive to any request for production of documents which had not yet been made available, exclusive of certain documents submitted by defendants' counsel for *in camera* inspection with respect to defendants' claim of attorney-client privilege,[7] be produced by the end of the day; and (2) that all interrogatories as to which complete responses had not yet been made be supplemented by the close of business on the following day. *See* January 3, 1989 Order.

Notwithstanding the Magistrate's explicit and emphatic directive that designated documents, including tax returns, be produced by defendants' counsel on January 3, plaintiff's counsel advised the Magistrate in a telephone conference call on January 6 that defendants' counsel had still not produced the tax returns. Counsel for defendants offered a typically untimely objection to the production of the tax returns, first on the ground that the returns were irrelevant, and second, that they contained "personal information."[8] The Magistrate found the objections made by counsel for defendants totally without merit. Counsel for defendants was ordered to produce the returns immediately. *See* January 6, 1989 Order at 3.

On January 11, the Magistrate found that as to 127 of the 135 documents submitted for *in camera* inspection by counsel

---

5. The Magistrate's January 3, 1989 Order erroneously states that defendants' Motion for Sanctions was not argued. Counsel for plaintiff and counsel for defendants argued with respect to defendants' motion, but plaintiff was allowed until the next day to submit any further argument in a written opposition.

6. At the hearing, counsel for plaintiff responded that defendants' counsel had already been given an executed copy of plaintiff's responses to defendants' interrogatories, but that another copy would be provided that day. In the written opposition to defendants' motion, counsel for plaintiff represented that the only changes

which appeared on the executed copy of the responses were typographical ones, and that counsel for defendants had previously been so advised. Plaintiff's Response to Defendant's Motion for Sanctions at 2.

7. *See* November 17, 1988 Order at 1; December 15, 1988 Order at 1; January 3, 1989 Order at 1.

8. Defendants' counsel claimed that he sent copies of the returns to the Magistrate's chambers "last night or this morning"; however, the returns did not appear in Chambers until two days after the conference call. *See* January 6, 1989 Order at 2.

for defendants,[9] the claim of attorney-client privilege was similarly without any factual basis and unsupported by any relevant authorities. January 11, 1989 Memorandum Order at 6–7. In invoking the privilege, counsel for defendants did not even address the settled burden of proof or respond to the relevant authorities offered by counsel for plaintiff. *See* January 11, 1989 Memorandum Order at 6.

Now, on the eve of trial, plaintiff still has not received complete responses to discovery requests filed as early as April 13, 1988. *See* Plaintiff's Statement as to Insufficiency of Defendants' Interrogatory Responses at 2–13; Plaintiff's January 31, 1989 Response to Supplemental Production and Discovery Report at 1, 3–4, 7–10; Plaintiff's February 2, 1989 Discovery Status Report at 1. Among the insufficient responses are those to discovery requests which concern the plaintiff's work on behalf of the defendants (*see, e.g.,* Plaintiff's Statement as to Insufficiency of Defendants' Interrogatory Responses at 3–8; Plaintiff's Opposition to the Motions of Defendants TDC Management Corporation Inc. and District Contracting Corporation for Summary Judgment or for Judgment on the Pleadings at 5–6); the organization of the entities in which the individual defendants have an interest (*see, e.g.,* Plaintiff's Statement as to Insufficiency of Defendants' Interrogatory Responses at 2–3, 9–12; Plaintiff's Opposition to the Motions of Defendants TDC Management Corporation Inc. and District Contracting Corporation for Summary Judgment or for Judgment on the Pleadings at 7); and the finances of the individual defendants and the entities in which they have an interest (*see, e.g.,* Plaintiff's Statement as to Insufficiency of Defendants' Interrogatory Responses at 4, 7–8, 9, 12–13; Plaintiff's Response to Supplemental Production and Discovery Report at 1). Plaintiff is thus without needed information relevant to his central claim that he was employed by defendants during the relevant period (Complaint,

¶¶ 15–40, 47–50); that the services which he performed were accepted by defendants (Complaint, ¶¶ 65–69); that defendants had sufficient funds with which to pay him (Complaint, ¶¶ 56–59; January 6, 1989 Order at 2); and that the "corporate veil" can be pierced to expose the individual defendants to liability (*see* Judge Thomas F. Hogan's February 9, 1989 Order denying defendant Barbara Monts, TDC Management Corporation, Inc., and District Contracting Corporation's motions for summary judgment at 2). Thus, "[a]s a result of the intransigence of defendants and their counsel in producing materials sought by plaintiff in discovery proceedings throughout the entire course of this action, plaintiff is far from being adequately prepared to go to trial in this case[.]" Plaintiff's Opposition to the Motions of Defendants TDC Management Corporation, Inc. and District Contracting Corporation for Summary Judgment or for Judgment on the Pleadings at 4.

The misconduct of defendants' counsel has violated not only the letter and spirit of Rules 11 and 26 of the Federal Rules of Civil Procedure and the Local Rules of this Court, but also at least 11 express orders of the trial court and the Magistrate. The misconduct of defendants' counsel has also occasioned two extensions of the discovery cut-off and one continuance of the trial, thereby unnecessarily taxing judicial resources and delaying the resolution of the action on the merits.

In resisting discovery, defendants' counsel has never sought either the cooperation of opposing counsel or an enlargement of time or protective order from the Court. The objections interposed by counsel for defendants have been consistent in their untimeliness, lack of factual basis and absence of supporting authorities.[10] Even the claim of defendants' counsel that plaintiff had failed to make discovery is without any factual basis. Indeed, in his written opposition to plaintiff's Motion for Sanc-

---

**9.** *See* n. 7, *supra.*

**10.** *See, e.g.,* January 6, 1989 Order at 3; January 11, 1989 Memorandum Order at 6–7; Memoran-

dum of Points and Authorities in Support of Plaintiff's Motion for Sanctions at 6.

tions, defendants' counsel offers no justification of his actions; instead, he accuses *plaintiff* of exceeding the bounds of reasonableness. *See* Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Sanctions at 11.[11]

*Discussion*

■ 1. Fed.R.Civ.P. 37 provides, in pertinent part, that if a motion for an order compelling discovery is granted, the Court *shall* require the party or counsel whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the Court finds (1) that the opposition to the motion was substantially justified or (2) that other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(a)(4). Thus, if a motion to compel is granted, the award of expenses, including attorney's fees, is mandatory unless the Court is able to make either of the two specified findings. *M & D Builders, Inc. v. Peck,* 109 F.R.D. 410, 411–12 (D.Mass.1986).

Consideration of the two factors which could warrant an exception to the general rule of awarding reasonable expenses to the moving party here is, of necessity, abbreviated: defendants filed no written opposition to plaintiff's Motion to Compel, and, at the hearing on plaintiff's Motion to Compel, offered no lawful justification for their failure to make discovery.[12] It is thus impossible to find any "substantial justification" or other circumstance which would make an award unjust. *See M & D Builders, Inc. v. Peck,* 109 F.R.D. at 412. Accordingly, plaintiff is awarded the reason-

able expenses incurred in obtaining the order granting his motion to compel.[13]

■ 2. Fed.R.Civ.P. 11 and 26(g) provide for the imposition of sanctions for conduct litigation not in good faith or without a factual basis. Fed.R.Civ.P. 11 provides, *inter alia,* that

the signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, *shall* impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. (emphasis added).

Fed.R.Civ.P. 26(g) contains sanctions provisions parallel to those found in Fed.R. Civ.P. 11. While Fed.R.Civ.P. 11 applies to any "pleading, motion, or other paper," Fed.R.Civ.P. 26(g) applies exclusively to discovery requests, responses and objections. *See National Association of Radiation Survivors v. Turnage,* 115 F.R.D. 543, 555 (N.D.Cal.1987). Fed.R.Civ.P. 26(g) pro-

---

11. In his opposition to plaintiff's Motion for Award of Attorney's Fees and Expenses, defendants' counsel, in like fashion, submitted that plaintiff's motion "deserves no further reply[.]" Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Award of Attorney's Fees and Expenses at 1.

12. Indeed, even in opposition to Plaintiff's Motion for Award of Attorney's Fees and Expenses, counsel for defendants maintains only that plaintiff's motion is "redundant." *See* Opposition to Plaintiff's Motion for Award of Attorney's Fees and Expenses at 4–5. *See also* Defen-

dants' Response to Plaintiff's Statement of Expenses ("it is clearly the [p]laintiff [who] has been dilatory and uncooperative in discovery and not defendants.")

13. Plaintiff's Statement of Expenses Incurred by Plaintiff as a Result of Defendants' Discovery Conduct, submitted in accordance with the Magistrate's January 3, 1989 Order, encompasses expenses broader than those incurred in obtaining the order granting plaintiff's motion to compel.

vides that the signature on a request for discovery or a response or objection thereto constitutes a certification virtually identical to the one described in Fed.R.Civ.P. 11. A party's failure to produce responsive documents and information during the course of discovery constitutes grounds for the imposition of sanctions under Fed.R.Civ.P. 26(g). The same misconduct also constitutes grounds for the imposition of sanctions under Fed.R.Civ.P. 11 where the undisclosed documents and information refute the asserted factual basis for pleadings, motions or other papers subsequently filed by the party whose conduct has violated the rule. *National Association of Radiation Survivors v. Turnage,* 115 F.R.D. at 555.

Fed.R.Civ.P. 26(g), like Fed.R.Civ.P. 11, makes the imposition of an appropriate sanction mandatory. "The nature of the sanction is a matter of judicial discretion to be exercised in light of the particular circumstances." Notes of Advisory Committee on Rules, 1983 Amendment.

The Magistrate finds that the history of the conduct of counsel for defendants during the course of discovery herein indicates a "deliberate failure" to comply with the dictates of Fed.R.Civ.P. 11 and 26(g) and the Court's orders concerning the conduct of discovery which justifies the imposition of "the harshest of sanctions." *Higginbotham v. Volkswagenwerk Aktiengesellschaft,* 551 F.Supp. 977, 980 (M.D.Pa.1982), *aff'd,* 720 F.2d 662 (3d Cir. 1983); *see Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 208, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255 (1958); *Dellums v. Powell,* 566 F.2d 231, 235 (D.C. Cir.1977). The Magistrate, in an Order accompanying this Memorandum, accordingly precludes defendants from introducing evidence at trial in opposition to plaintiff's claims that (1) he was employed by defendants during the period relevant to his complaint and (2) that defendants had funds with which to pay him.[14] The sanction of a

preclusion order is appropriate where, as here, the recalcitrant party has engaged in a pattern of conduct evidencing deliberate and willful disregard of the requirements of the Federal Rules and the orders of a court. *See, e.g., Cope v. McPherson,* 781 F.2d 207, 208–09 (D.C.Cir.1985); *Higginbotham v. Volkswagenwerk Aktiengesellschaft,* 551 F.Supp. at 980–82; *International Union UAW v. National Right to Work Legal Defense and Education Foundation,* 433 F.Supp. 474, 477–78 (D.C.1977); *Riverside Memorial Mausoleum v. Sonnenblick–Goldman Corp.,* 80 F.R.D. at 436; *Surg–O–Flex of America v. Bergen Brunswig Co.,* 76 F.R.D. 654, 655–56 (D.Conn.1977); *State of Ohio v. Crofters, Inc.,* 75 F.R.D. 12, 20 (D.Colo.1977), *aff'd,* 570 F.2d 1370 (10th Cir.), *cert. denied,* 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978). Moreover, in the context of the misconduct in discovery in the instant case, the sanction is tailored to ensure that plaintiff is not unfairly disadvantaged by not having received complete and candid responses to his discovery requests relevant to his central claims. *See International Union UAW v. National Right to Work Legal Defense and Education Foundation,* 433 F.Supp. at 477–78; *Rogers v. Chicago Park District,* 89 F.R.D. 716, 718 (N.D.Ill.1981).

Defendants' Motion for Sanctions is denied by the Order accompanying this Memorandum. The Magistrate finds that the motion is devoid of any factual basis,[15] and is but a thinly veiled effort to deflect or delay scrutiny of the actions of defendants' counsel.

*Conclusion*

While the Magistrate recognizes that the sanctions imposed are harsh, she is satisfied that they are warranted. Defendants' counsel has resisted the Magistrate's efforts to cajole and gently persuade him to conduct discovery in good faith; when the initial casualness yielded to formality, defendants' counsel continued his pattern of

---

14. *See* Fed.R.Civ.P. 37(b)(2)(B). As neither Fed. R.Civ.P. 11 nor Fed.R.Civ.P. 26(g) enumerate possible sanctions, the Magistrate has looked to Fed.R.Civ.P. 37(b)(2) for guidance.

15. *See* n. 6, and accompanying text, *supra.*

delay and obfuscation. With the trial just weeks away, plaintiff still has not received from defendants the evidence crucial to his claims. The Magistrate thus concludes that only the sanctions imposed can "ensure that the spirit and object of discovery under the rules are maintained." *State of Ohio v. Crofters, Inc.*, 75 F.R.D. at 20.

ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it is, this 17th day of February, 1989,

ORDERED that plaintiff's Motion for Award of Attorney's Fees and Expenses be, and the same hereby is granted, and that plaintiff is awarded the expenses, including attorney's fees, of obtaining the December 15, 1988 Order granting his Motion to Compel; and it is

FURTHER ORDERED that plaintiff's Motion for Sanctions be, and the same hereby is granted, and that defendants are precluded from introducing evidence at trial in opposition to "plaintiff's claims that (1) he was employed by defendants during the period relevant to his complaint and (2) that defendants had funds with which to pay him; and it is

FURTHER ORDERED that defendants' Motion for Sanctions be, and the same hereby is denied.