Taiwo MAKANJU, Appellant,

v.

Jan SAUNDERS, Appellee.

No. 85–1722.

District of Columbia Court of Appeals.

Submitted July 15, 1986.
Decided Jan. 9, 1987.

A. Palmer Ifill, Washington, D.C., was on brief, for appellant.

Eric M. Persian, Fairfax, Va., was on brief, for appellee.

Before FERREN, BELSON, and STEADMAN, Associate Judges.

PER CURIAM:

Appellant Taiwo Makanju appeals from an order of the trial court dismissing his suit against appellee Jan Saunders with prejudice. We affirm.

Appellant is a taxicab driver, who owns his own cab. On January 1, 1985, his cab collided with a car owned by appellee. Appellant filed suit for $15,000, claiming medical expenses of $922.50 and lost wages totalling $2,000.

Appellee answered and then moved to dismiss the suit. Appellee argued that appellant was barred from bringing an action under the provisions of the D.C. No-Fault Motor Vehicle Insurance Act, D.C.Code § 35–2101, *et seq.* (1985 Supp.), since appellant's medical expenses did not total more than $5,000 and appellant did not come within any of the Act's exceptions to its restrictions against bringing suit.[1] The trial court dismissed appellant's suit with prejudice. This appeal followed.

Appellant argues that the provisions of the D.C. No-Fault law then in effect, specifically § 35–2105(a) and (b)(6),[2] which bar a person whose medical expenses are less than $5,000 from maintaining a civil action if personal injury benefits are available, are unconstitutional because they deprive him of the equal protection of the laws.

The United States Court of Appeals for the District of Columbia Circuit has examined this question, and has found constitutional the provisions of the No-Fault Act, § 35–2105(a) and (b)(6), that bar suits when medical expenses do not exceed $5,000 and personal injury protection benefits are available. *Dimond v. District of Columbia,* 253 U.S.App.D.C. 111, 792 F.2d 179 (1986). The court noted that the provi-

---

1. Amendments to the No-Fault Act took effect on March 4, 1986. The 1982 Act governs actions that accrued before the effective date of those amendments. Our focus here is on the 1982 Act, for all events took place before March 4, 1986.

2. *See* note 1, *supra.*

◼

sions barring suits bear a rational relation to the legislative purposes of assuring adequate protection for accident victims and keeping insurance premiums affordable. *Id.* at 186–87. We find the court's logic persuasive, and hold that the challenged application of the No-Fault Act does not offend the Constitution.

Appellant also argues that, as a taxicab driver, he can maintain a civil action because the No-Fault Act authorizes the Mayor to exempt taxicabs from its provisions, § 35–2111(e), and the Mayor did so exempt taxicabs.

◼ This court held recently that the taxicab exemption does not exempt taxicab drivers from the Act's provisions. *Johnson v. Collins,* 516 A.2d 196, 198–99 (D.C.1986). We are bound by that interpretation of the law. *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971). Therefore, we reject appellant's argument that the taxicab exemption permits him, as a taxicab driver, to maintain a civil action.

Makanju can be paid personal injury protection benefits by his own carrier (if he has such coverage), by the appellee's carrier (if she has such coverage), D.C.Code § 35–2107(a)(5) (1985 Supp.), or through the assigned claims plan (if neither driver has coverage), D.C.Code § 35–2107(a)(6) (1985 Supp.). The trial court correctly determined that appellant was precluded from maintaining this civil action.

*Affirmed.*