R.W. INTERNATIONAL CORP. and T.H. Ward de la Cruz, Inc., Plaintiffs,

v.

WELCH FOODS, INC., Magna Trading Corp. and Jane Doe, Defendants.

Civ. No. 89–0511 (JP).

United States District Court, D. Puerto Rico.

Nov. 21, 1990.

Doel R. Quiñones, José A. Hernández Mayoral, Hernández Mayoral & Ferrer, San Juan, P.R., for plaintiffs.

Samuel T. Céspedes, McConnell Valdés Kelley Sifre Griggs & Ruiz Suria, San Juan, P.R., Jorge I. Peirats, O'Neill & Borges, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it plaintiffs', R.W. International Corp. and T.H. Ward de la Cruz, Inc., revised Motion to Alter or Amend the Judgment. The plaintiffs allege that sanctions imposed by this Court pursuant to Fed.R.Civ.P. 11, 16(f) and 37(b)(2) are baseless, and that they were denied due process of law under Rule 11. For the reasons stated below, the plaintiffs' motion is GRANTED as to the issue of attorney's fees and costs DENIED as to all other issues.

## I. THE FACTS

On January 10, 1990, this Court issued an Opinion and Order dismissing the complaint and imposing sanctions, 129 F.R.D. 25. The Opinion and Order presented a detailed recapitulation of the factual background surrounding this case. The following is a brief summary of that factual background. Plaintiffs alleged that Welch unjustifiably terminated the distributorship agreement between them in violation of Law 75. Law 75 refers to the Puerto Rico Dealer's Contract Act. 10 L.P.R.A. § 278,

*et seq.* The statute delineates all the factors which must be considered in order to calculate the extent of damages caused for an unjust termination of a dealer's contract.

On May 2, 1989 a Magistrate in this case imposed Rule 37 sanctions of $3,000.00 because the plaintiff Mr. Ward refused to attend his own deposition. On October 27, 1989, the plaintiffs appeared at the Initial Scheduling Conference before this Court unprepared to discuss their allegations regarding the extent of damages under the statute. At the Initial Scheduling Conference, the Court ordered the plaintiffs to produce the documents regarding their alleged Law 75 damages, on or before November 13, 1989. The plaintiffs consistently failed to comply substantially with the Court's Order. *See* Codefendant Welch's Motion to Dismiss for Failure to Prosecute & for Failure to Comply with the Court's ISC Order and the supplementary motions related to it. In addition, when the plaintiff, Mr. Ward, finally agreed to appear at his deposition, he repeatedly refused to answer the questions that were posed to him. The following is an example of the plaintiff's bad faith during the discovery process:

Q. Tell us what percent of the value of the services invoiced by R.W. are generated from sources in Puerto Rico?

A. I'm not answering anything that has to do with my tax exemption; that's not relevant to the case of Welch.

Q. Relevance is not an issue when you're being asked questions. You have to answer.

A. I don't want to answer that, I'm not going to answer that.

Deposition of Thomas Ward, November 15, 1989, Tr. 10.

## II. RULE 11 SANCTIONS

▪ Fed.R.Civ.P. 11 provides that a court may order a party to pay reasonable expenses resulting from the filing of a pleading that is not well grounded in fact nor warranted by existing law. Rule 11 applies to discovery motions. 28 U.S.C.A. Fed.R.Civ.P. 11 (Supp.1990) (Advisory Committee Notes, 1983 Amendment). There-fore, plaintiffs' inadequate responses to discovery requests fall within the scope of Rule 11. Rule 11 holds parties and their counsel to "an affirmative duty of reasonable inquiry," so that the federal courts may promote judicial efficiency by deterring frivolous suits. *Lancellotti v. Fay,* 909 F.2d 15, 18 (1st Cir.1990).

The plaintiffs' contention that Rule 11 sanctions cannot be imposed upon a case that was removed from state court, is without merit. In fact, the case which the plaintiffs' cite as authority, *Robinson v. Dean Witter Reynolds, Inc.,* 129 F.R.D. 15, 20 (D.Mass.1989), clearly states that "once additional submissions are filed in federal court (such as Plaintiffs' Memorandum in Opposition to Motion to Compel Arbitration in this case), then the plaintiffs and their attorney are subject to Rule 11 with respect to those later filings." Therefore, on May 8, 1989, when the plaintiffs' filed their Opposition to Codefendant Welch's Motion for Sanctions Under Rule 37 and then proceeded to file an Amended Complaint on September 1, 1989, the plaintiffs became subject to Federal Rule 11 sanctions.

▪ The plaintiffs' claim that the Court denied them an opportunity to be heard before Rule 11 sanctions were imposed, thus depriving them of a due process right. Plaintiffs are accurate in their assertion that the imposition of Rule 11 sanctions must be accompanied by due process. But the Advisory Committee Notes to Rule 11 make clear that "the Rule 11 procedural format 'should depend on the circumstances of the situation,'" *Muthig v. Brant Point Nantucket, Inc.,* 838 F.2d 600 (1st Cir.1988) (citation omitted). Actual evidentiary hearings are not always necessary. *Oliveri v. Thompson,* 803 F.2d 1265, 1280 (2nd Cir.1986), *cert. denied, City of Suffolk v. Graseck,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). For instance, in *McLaughlin v. Bradlee,* 803 F.2d 1197 (D.C.Cir.1986) an attorney was not entitled to a Rule 11 hearing where the district judge was a primary participant in the proceedings. The judge's participation in the proceedings allowed him to observe those elements of the litigation most relevant to

the criteria for imposing sanctions. In addition, the Rule 11 Advisory Committee Notes provide that the procedural format to be followed for the imposition of Rule 11 sanctions is within the discretion of the district court judge. *See also Markel, et al. v. Scovill Manufacturing Co. et al.,* 657 F.Supp. 1102, 1111 (W.D.N.Y.1987). Furthermore, *general notice* that a court is considering the imposition of penalties is sufficient notice for the Rule 11 due process requirement. *Lepucki v. Van Wormer,* 765 F.2d 86, 88 (7th Cir.1985) (emphasis added), *cert denied, Hyde v. Van Wormer,* 474 U.S. 827, 106 S.Ct. 86, 88 L.Ed.2d 71 (1985).

In the instant case, the plaintiffs were notified as early as September 7, 1989, that the Court would consider the imposition of penalties. In the September 7, 1989, Initial Scheduling Call sent to the parties, the Court reminded the parties that "failure to participate in good faith, or participating while being substantially unprepared, are noncompliant acts under Fed.R.Civ.P. 16(f) that may result in sanctions, including the payment of reasonable attorney expenses...." In addition, on November 14, 1989 codefendant Welch Foods submitted a Motion to Dismiss for Failure to Prosecute, which requested that sanctions be imposed pursuant to Rule 37(b)(2). Thus, the plaintiffs had adequate notice that the Court was considering the imposition of penalties. Moreover, the plaintiffs had been advised of the Court's inclination to impose sanctions where appropriate, when the plaintiffs were ordered to pay $3,000.00 in sanctions on May 2, 1989, due to the plaintiff Mr. Ward's failure to appear at a deposition.

A full evidentiary hearing was not required in this case because, as was fully explicated in the Opinion and Order of January 10, 1990, this Court had ample opportunity to observe the plaintiffs' "pattern of violating discovery orders" and their repeated failure to produce the required documentation and information related to the alleged Law 75 damages. Accordingly, the Court's imposition of Rule 11 sanctions was neither baseless nor in contravention of the due process requirement. "A party object-ing to the imposition of sanctions 'bears a heavy burden of demonstrating that the trial judge was clearly not justified in entering [the] order.'" *Maine Audubon Society, et al. v. Emery Purslow, et al.* 907 F.2d 265, 268 (1st Cir.1990). Alternatively, Fed.R.Civ.P. 16(f), 37(b), and 41(b) provide adequate support for the dismissal and the imposition of reasonable costs and attorney's fees, given the common factual background of Law 75 requirements for alleging damages, which motivated the imposition of sanctions in this case.

III. RULE 37 SANCTIONS

Fed.R.Civ.P. 37(b)(2)(C) provides that if a party fails to obey a discovery conference order entered under Fed.R.Civ.P. 26(f), such as the Initial Scheduling Conference Order in this case, the Court may sanction the party by dismissing the action and imposing reasonable expenses including attorney's fees. A dismissal of an action for failure to comply with discovery is an abuse of discretion by the Court only where the failure to comply was not the result of fault by either party. *Securities Investor Protection Corp. v. Memme & Co., Inc.* 17 B.R. 419 (Bankr.N.Y.1981). Where the actions by counsel were either willful or a total dereliction of professional responsibility, and it is impossible to establish that the attorney's action was in fact willful rather than grossly negligent, the full range of Rule 37 sanctions may be imposed. *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062 (2d Cir.1979).

The plaintiffs were given notice that such sanctions could be imposed in the Initial Scheduling Conference Call of September 7, 1989. The Court stated that "failure to participate in good faith, or participating while being substantially unprepared, are noncompliant acts under Fed.R.Civ.P. 16(f) that may result in sanctions." Plaintiffs were given further notice that Rule 37 sanctions could be imposed when codefendant Welch requested that Rule 37 and Rule 41 sanctions be imposed in their Motion to Dismiss for Failure to Prosecute and for Failure to Comply With the Court's

Initial Scheduling Order. Thus, the parties were accorded due process of the law when the Rule 37 sanctions were imposed.

## IV. RULE 16(f) SANCTIONS

 Fed.R.Civ.P. 16(f) provides that if a party is substantially unprepared to participate in a judicial conference, the judge may require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with the rule. Fed.R.Civ.P. 16(f) also states that the failure to participate in discovery with good faith permits the Court to apply the sanction of dismissal pursuant to Fed.R.Civ.P. 37(b)(2)(C). This Court's Initial Scheduling Conference Call of September 7, 1989, clearly orders the parties to disclose all material and pertinent facts and to bring in evidence to show such facts. In order to assert a Law 75 cause of action for damages, the plaintiffs were under an obligation to disclose all the material and pertinent facts related to the statutory list of damages factors. Thus, the plaintiffs were under an obligation to present their factual knowledge of each Law 75 damages factor. The plaintiffs failed to do so. Therefore the Rule 16 sanctions were warranted.

## V. ATTORNEY'S FEES SANCTION

 "It is undisputed that courts have power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and most importantly, to deter frivolous filings." *Chang v. Meese*, 660 F.Supp. 782 (D.P.R.1987). Under Rule 11 the basic principle is that the least severe sanction adequate to serve the purpose of correcting litigation abuse should be imposed. *Cabell v. Petty*, 810 F.2d 463, 466–67 (4th Cir.1987). As the plain purpose of Rule 11 is to deter attorneys from bringing frivolous litigation into federal courts, it is clear that the dismissal of this action

will effect that purpose of deterrence. Given the severity of the sanction of dismissing an action, the Court has reconsidered the additional imposition of the sanction of attorney's fees [1] and costs. In addition, the defendants refused to produce their bill of costs and request for attorney fees to the plaintiffs because of an allegation of confidentiality unsupported by any authority. The plaintiffs have a right to examine computations for attorney fees and costs in order to contest the requested amount. It would therefore be unjust to award attorney fees and costs when the plaintiffs were not allowed to make an informed opposition to the request for attorney's fees and costs. Therefore, the award of attorney's fees and costs is hereby VACATED.

Wherefore, in view of the foregoing, the plaintiffs' Motion for Reconsideration is GRANTED as to the issue of attorney's fees and costs and DENIED as to all other issues.

IT IS SO ORDERED AND ADJUDGED.

---

1. Pursuant to *King v. Greenblatt*, 560 F.2d 1024, 1027 (1st Cir.1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978) and its progeny "the court must secure from the attorneys a full and specific accounting of their time." Each attorney must list the different tasks performed, the date the work was performed, the amount of time spent on each task, and the total

number of hours. We note that in the instant case the defendants' submission of over 200 pages of billing invoices for incamera inspection by the court (docket number 91), failed to provide a concise summary of the total number of hours worked by each attorney as required for attorney's fee requests.