Mary WALKER, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 89–CV–918.

District of Columbia Court of Appeals.

Argued Jan. 9, 1992.

Decided March 23, 1995.

Joan Harvill, for appellant.

Donna M. Murasky, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, were on the brief, for appellee.

Before TERRY, STEADMAN, and KING,* Associate Judges.

TERRY, Associate Judge:

The trial court dismissed with prejudice appellant's complaint against the District of Columbia and ordered appellant and her attorney to pay the District's counsel fees. The court found that appellant and her attorney had violated Super.Ct.Civ.R. 11 by giving false and incomplete answers to certain interrogatories. The court also found that the attorney had violated Rule 11 because she had filed, on behalf of appellant, a claim for economic damages under a former provision of the District of Columbia Code even though she "knew or could have learned by reasonable inquiry" that such an award (so the trial court thought) was not permissible under that law. We hold, first of all, that we cannot consider any claims of error affecting only the attorney because the attorney did not note an appeal in her own name. We further hold that appellant violated Super.Ct.Civ.R. 37 by submitting incomplete interrogatory responses, but that the filing of the complaint did not violate Rule 11. Since the trial court's dismissal of appellant's complaint was based in part on its conclusion that Rule 11 had been violated, we reverse that dismissal, along with other related portions of the court's order, and remand the case for further proceedings.

I

Appellant was involved in an automobile accident in April 1986. She sued the District of Columbia in April 1987, alleging that its employees were repairing the surface of an entrance ramp to Interstate Route 295 without having placed proper warning signs, and that their negligence caused her car to collide with the car ahead of her on the highway. The negligence of the District's employees, she claimed, was the proximate cause of injuries to her head, shoulders, neck, and back.

The District filed an answer and served appellant with interrogatories that included a request for "all details" related to any claim

for "compensation for any injury for which you seek damages herein from any source other than the [District of Columbia]," including "the amounts paid to you, if any." In responding to the interrogatories, appellant did not disclose that she had filed a claim with her insurance company and had received payments for lost wages and medical expenses. It was not until the third day of trial, during a discussion of proposed jury instructions, that appellant's counsel happened to mention during a bench conference that her client had received insurance payments. Surprised by this revelation, counsel for the District asked the court to dismiss appellant's complaint or, in the alternative, to declare a mistrial. The court, after an overnight recess, declared a mistrial on the ground that appellant's responses to certain interrogatories had prejudiced the District by preventing it ·from conducting complete pre-trial discovery.

Two weeks later the District filed a motion under Rules 11 and 37 to dismiss the case with prejudice, coupled with a request for attorney's fees. The trial judge issued an order on May 31, 1989, finding that appellant and her attorney had committed several violations of Rule 11. As sanctions for those violations, the judge ordered appellant and her attorney each to pay $150 to the District as reimbursement for its attorney's fees in connection with the motion to dismiss. The judge also ruled that the motion to dismiss would be granted unless both appellant and her attorney notified the court within ten days that they would pay the District an additional $1,070 and $2,130, respectively, by June 30 to reimburse the District for its pre-trial and trial attorney's fees.

The payment deadline was later extended from June 30 to August 4, but appellant and her attorney did not make the payments. Instead, on August 4 appellant filed a motion requesting that the judge's order be stayed pending appeal. As a basis for the stay, appellant asserted that she was unable to work as a result of her injuries and that the sanctions "will in all probability be over-

---

* Former Chief Judge Rogers was a member of the division that heard oral argument in this case.

After her departure from the court, Judge King was selected by lot to replace her.

turned on appeal." This motion apparently got lost in the Clerk's Office and did not reach the judge until October 24. In the meantime, on August 15, the trial judge entered a final order dismissing the case with prejudice and entering judgments of $150 each against appellant and her attorney in favor of the District. When the judge finally received the motion for stay in late October, she granted it in part by staying the $150 judgment against appellant, but not the $150 judgment against her attorney.

## II

Two preliminary matters must be addressed before we consider the merits of the appeal.

A central issue at trial was whether appellant's tort claim was governed by the original 1982 version of the District of Columbia's Compulsory/No–Fault Motor Vehicle Insurance Act ("the No–Fault Act"), D.C.Code §§ 35–2101 to 35–2113 (1985 Supp.), or by the amended 1986 version, D.C.Code §§ 35–2101 to 35–2114 (1993).[1] The accident took place on April 4, 1986. The No–Fault Act of 1982 was extensively amended in late 1985, and the amendments became "effective" on March 4, 1986. However, the 1985 legislation also provided that "[t]he provisions of this act shall not apply until 90 days after the effective date of this act." D.C.Act 6–104, § 5(b), 32 D.C.Reg. 7267 (1985). Thus the 1986 amendments did not "apply" until June 2, 1986, ninety days

after March 4 and almost two months after appellant's April 4 accident. Her claim, therefore, was governed by the unamended No–Fault Act of 1982.[2]

The second preliminary issue concerns the right of appellant's attorney to challenge the sanctions imposed upon her alone. Because the attorney did not name herself as an appellant in the notice of appeal which she filed on appellant's behalf and did not file her own separate notice of appeal, the District argues that we have no jurisdiction to rule on the propriety of the sanctions levied against the attorney. The District relies on *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), in which the Supreme Court ruled that a federal appellate court lacked jurisdiction over claims presented by "a losing party not named in the notice of appeal," *id.* at 318, 108 S.Ct. at 2409, as well as several federal court decisions holding that an attorney who seeks review of Rule 11 sanctions against her must state in the notice of appeal that she is an appellant.

Although the point has not yet been decided by this court, at least seven circuits have held that Rule 11 sanctions against an attorney may not be challenged on appeal unless the attorney is specifically identified as an appellant, either in the notice of appeal filed on behalf of the client or in a separate notice of appeal filed in the attorney's name. In each of these cases a party to the litigation

---

1. This issue became important because the trial court erroneously drew a distinction between the two versions. In ruling on the District's motion to dismiss, the court mistakenly assumed that the No–Fault Act of 1982 barred an accident victim from suing for economic losses, such as lost wages, while the 1986 amendment permitted such claims, albeit with some limitations. In fact, however, a provision in the 1982 Act, D.C.Code § 35–2105(b)(1) (1985 Supp.), permitted an accident victim to sue for economic damages "in excess of the personal injury protection benefits." The 1982 Act placed a $24,000 ceiling on the benefits payable under the Act to any one victim for work loss. Since appellant claimed work losses totaling $122,720, the 1982 Act would have permitted her to seek damages above that ceiling. The court held, however, that including the claim for lost wages violated Rule 11.

2. Two reported cases, including one from this court, contributed to the confusion about the

applicable statute in this case. In *Makanju v. Saunders,* 519 A.2d 703, 703 n. 1 (D.C.1987), this court had said that the 1982 Act "governs actions that accrued before the effective date of [the 1986] amendments," which was March 4, 1986. The United States Court of Appeals for the District of Columbia Circuit had also said that the 1986 amendments "became law on March 4, 1986." *Dimond v. District of Columbia,* 253 U.S.App.D.C. 111, 117, 792 F.2d 179, 185 (1986). The trial court in this case noted in its order of May 31, 1989, that the statements about the effective date in these two decisions were dicta because, in both instances, the accidents occurred before March 4, 1986. *See also Monroe v. Foreman,* 540 A.2d 736, 738 n. 3 (D.C.1988) (in discussing an accident that took place in February 1986, this court noted that the 1986 amendments "became effective on March 4, 1986").

brought the appeal, but the appellate courts all concluded that the attorney's claims of error in the imposition of Rule 11 sanctions were not properly before them because the attorney was not individually named as an appellant. Four circuits held that they lacked jurisdiction to consider the attorney's claims;[3] three concluded that the party who appealed had no standing to raise the attorney's claims.[4] Only two circuits have granted review to attorneys in such cases.[5] We note, finally, that in *Schwartz v. Connors, Fiscina, Swartz & Zimmerly*, 623 A.2d 595, 598–599 (D.C.1993), this court concluded that an attorney had standing to appeal from an order imposing sanctions under Rule 11 even though his client had acquiesced in the sanctions order. *See also Montgomery v. Jimmy's Tire & Auto Center, Inc.*, 566 A.2d 1025 (D.C.1989) (appeal by attorney from Rule 11 sanctions order; standing not contested).

■ Because the Superior Court's Rule 11 is "virtually identical" to its federal counterpart, FED.R.CIV.P. 11, this court looks to "federal cases interpreting the federal rule as 'persuasive authority in interpreting [the local] rule.'" *Stansel v. American Security Bank*, 547 A.2d 990, 995 n. 8 (D.C.1988) (citation omitted), *cert. denied*, 490 U.S. 1021, 109 S.Ct. 1746, 104 L.Ed.2d 183 (1989). Reading the relevant federal cases in light of the Supreme court decision in *Torres*, as well as our own decision in *Schwartz*, we follow the majority of the circuits and hold that in this case we cannot consider the attorney's claims of error in the imposition of Rule 11 sanctions because the attorney did not list herself as an appellant in her client's notice

of appeal, nor did she file a separate notice of appeal in her own name. We agree with the court's observation in *DCPB, Inc. v. City of Lebanon*, 957 F.2d 913 (1st Cir.1992):

> Litigants cannot piggyback on each other's notices of appeal. [The attorney] did not file his own notice of appeal. He was not identified as an appellant in the [client's] notice of appeal. He is, therefore, not properly before this court.

*Id.* at 919 (citations omitted). We need not decide whether there is a jurisdictional bar, as four circuits hold, or whether Ms. Walker simply lacks standing to contest the sanctions imposed on her attorney, as three other circuits hold, because in either event the result will be the same: a conclusion that the attorney's claims of error in the imposition of Rule 11 sanctions are not properly before this court. From this point on, therefore, this opinion will deal solely with appellant Walker's assignments of error.

### III

■ The trial judge found that appellant's responses to the District's interrogatories about insurance payments were "incomplete and untrue." The record amply supports this finding. Both in the trial court and in oral argument before this court, appellant's attorney explained that she interpreted interrogatory No. 17 as directed only toward lawsuits. This reading of the interrogatory is too strained to be acceptable. As the trial judge noted, the question plainly asked for information on claims for compensation, not lawsuits.[6] Moreover, appellant responded to

---

3. *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1149 (10th Cir.) (attorney "was the party aggrieved ... and, therefore, was the proper party to appeal"), *cert. denied*, 502 U.S. 867, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991); *Reynolds v. East Dyer Development Co.*, 882 F.2d 1249, 1254 (7th Cir.1989) (attorney "is the real party in interest and must appeal in his own name"); *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir.1989) (same, citing *Torres*); *DeLuca v. Long Island Lighting Co.*, 862 F.2d 427, 429–430 (2d Cir.1988) (same).

4. *Estate of Bishop v. Bechtel Power Corp.*, 905 F.2d 1272, 1275–1276 (9th Cir.1990); *Bartels v. Sports Arena Employees Local 137*, 838 F.2d 101, 104 (3d Cir.1988); *Marshak v. Tonetti*, 813 F.2d 13, 21–22 (1st Cir.1987).

5. *Miltier v. Downes*, 935 F.2d 660, 663 n. 1 (4th Cir.1991) (court found *Torres* distinguishable and declined to follow *DeLuca, supra* note 3); *Corporation of the Presiding Bishop v. Associated Contractors, Inc.*, 877 F.2d 938, 939 n. 1 (11th Cir. 1989) (court "excused" omission of counsel's name from client's notice of appeal because "it would be unjust to refuse to hear counsel's appeal").

6. Appellee's interrogatory No. 17 said, in relevant part:

    If you have ever claimed compensation for any injury for which you seek damages herein from any source other than the present defendant herein, please state all details.

the interrogatory by referring back to her answer to an earlier question about workers' compensation claims. Her response to another interrogatory (No. 35) requesting copies of "all reports, documents, statements, or filings made with either insurance company relating to the events of this case, including damages," was also incomplete. The trial judge found that the District had been prejudiced by these and other responses because it was unable to learn, through discovery, whether and to what extent appellant had been examined by doctors for her insurance carrier. That finding is not plainly wrong, and hence we must accept it. *See* D.C.Code § 17–305(a) (1989).

■ This court has said that "the primary purpose" of the discovery rules is to prevent unfair surprise at trial. *Corley v. BP Oil Corp.*, 402 A.2d 1258, 1262 (D.C.1979). The District in this case received a tremendous surprise when appellant's attorney told the court that her client had received insurance payments. This turn of events was the direct result of appellant's failure to give complete and straightforward answers to the District's interrogatories. We hold that the trial court acted well within its discretion in declaring a mistrial,[7] for these responses clearly prevented the District from obtaining full discovery and deprived it of a fair trial.

## IV

■ Appellant argues that it was an abuse of discretion for the trial court to impose sanctions because the District never filed a motion to compel discovery under Super.Ct.Civ.R. 37. Rule 37 contains two separate subsections under which sanctions may be imposed. Under subsection (b), if a party "fails to obey an order to provide or permit discovery," the trial court "may make such orders in regard to the failure as are just," including an order "dismissing the action ... or any part thereof...." Subsection (d) permits the court to "take any action authorized" under the sanction provisions of sub-

section (b) if a party "fails ... to serve answers or objections to interrogatories...." We agree with appellant that sanctions under Rule 37(b) were not appropriate in this case because no order relating to discovery had been issued. *Henneke v. Sommer*, 431 A.2d 6, 8–9 (D.C.1981) ("The language of the Rule is clear that ... sanctions can be imposed only upon failure to comply with an order of the court"); *accord, Perry v. Sera*, 623 A.2d 1210, 1216 (D.C.1993) (although motion to compel is not necessary for imposition of Rule 37(b) sanction, some order of court is a prerequisite to such action). But what about Rule 37(d)?

■ Although Rule 37(b) was inapplicable here, courts in several circuits have held, in cases arising under the corresponding—and virtually identical—federal rule, that sanctions (including dismissal of a complaint, *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir.1981)) may be imposed under Rule 37(d) when a party files responses to interrogatories that are evasive, incomplete, or deceptive. *See, e.g., Minnesota Mining & Manufacturing Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1260 (Fed.Cir.1985); *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir.1976); *Fautek v. Montgomery Ward & Co.*, 96 F.R.D. 141, 145–146 (N.D.Ill. 1982); *Bell v. Automobile Club of Michigan*, 80 F.R.D. 228, 232 (E.D.Mich.1978). Other courts have adopted a more strict interpretation, refusing to apply sanctions under Rule 37(d) unless there has been a total failure to respond to discovery requests. *See Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1339–1340 (9th Cir.1985); *Fox v. Studebaker–Worthington, Inc.*, 516 F.2d 989, 995 (8th Cir.1975). We think the less strict interpretation is the more reasonable. As the Seventh Circuit said in *Airtex Corp., supra*:

> [W]hen, as here, the fact that the answers to interrogatories are evasive or incomplete cannot be determined until further proceedings have been conducted to obtain the information later determined to have

---

7. "The decision to grant or deny a motion for mistrial is committed to the trial court's broad discretion.... This court will not overturn the trial court's decision unless it appears unreasonable, irrational, or unfair ... or unless the situa-

tion is so extreme that failure to reverse would result in a miscarriage of justice." *Lee v. United States*, 562 A.2d 1202, 1204 (D.C.1989) (citations omitted).

been withheld, the evasive or incomplete answers are tantamount to no answer at all, and Rule 37(d) is applicable.

536 F.2d at 155. This reasoning seems apposite in a case like the one before us. We hold accordingly that sanctions are available under Rule 37(d) when a party files answers to interrogatories that are evasive, incomplete, or deceptive. We see no need, moreover, to require the party who served the interrogatories to move for an order compelling discovery as a condition of obtaining sanctions—especially when that party has no reason to suspect that the answers are incomplete or incorrect, or when, as in this case, the answering party's omissions are serious enough to warrant a mistrial.[8]

## V

■ We disagree, however, with the trial judge's conclusion that the complaint itself violated Rule 11 by including claims for economic loss. The No–Fault Act of 1982, which applied to this case, placed a $24,000 ceiling on the amount of lost wages that any one accident victim could recover as part of personal injury protection benefits, but it also permitted such a person to recover that portion of her economic losses above the ceiling. D.C.Code § 35–2105(b)(1) (1985 Supp.); see note 1, *supra*. Thus appellant did not commit a violation of Rule 11 simply because she included in her complaint a claim for lost wages.[9]

## VI

■ This court has said repeatedly, in various contexts, that "dismissal of a complaint ... is an extreme remedy and 'should be granted only upon a showing of severe cir-

cumstances.'" *Massengale v. 3M Business Products Sales, Inc.,* 504 A.2d 574, 577 (D.C. 1985) (quoting *Koppal v. Travelers Indemnity Co.,* 297 A.2d 337, 339 (D.C.1972)); *accord, e.g., Techniarts Video, Inc. v. 1631 Kalorama Associates,* 572 A.2d 1051, 1054 (D.C.1990) ("dismissal should be adopted as a remedy only in extreme circumstances and only after the trial court has considered lesser sanctions"). Although the choice of a sanction for discovery violations is a matter generally entrusted to the sound discretion of the trial court,[10] we are persuaded that under the circumstances of this case, and in light of the record as a whole, the order of dismissal must be reversed.

The trial court initially ruled that appellant's complaint would be dismissed unless appellant and her attorney paid the District's counsel fees within thirty days from May 31, the date of its order finding Rule 11 violations.[11] When appellant and her attorney did not meet that deadline, the court dismissed appellant's claim. As we have noted, however, the court erred in its reading of the No–Fault Act of 1982, and the finding of a Rule 11 violation in the filing of the complaint therefore cannot be sustained. Moreover, the May 31 order made dismissal of the case contingent on non-payment of the monetary sanctions by the court-imposed deadline. Thus the dismissal, when it eventually came, was based not on the supposed Rule 11 violations but on the failure of appellant and her counsel to pay the previously ordered monetary sanctions. We are troubled by this compounding of the sanctions, for it is by no means clear to us that Rule 11 may be stretched in this way. We need not decide the point here, however, since there is an alternative course open to us.

We leave this issue and the effect of such an erroneous belief, if any, open for further consideration on remand.

**8.** Although the trial court's ruling with respect to the interrogatory answers was based on Rule 11, rather than Rule 37, we need not decide whether appellant's offense violated Rule 11 as well as the more specific discovery rules. The answers plainly merited a sanction at least under Rule 37, and the court did not impose any additional sanction under Rule 11.

**9.** The parties disagree in their interpretation of various actions and comments by appellant's attorney as indicating an erroneous belief, at the time of the filing of the complaint or at the time of the mistrial, similar to that of the trial judge.

**10.** On appeal we will reverse a discovery sanction "[o]nly if the court abuses its discretion by imposing a penalty too strict or unnecessary under the circumstances...." *Braxton v. Howard University,* 472 A.2d 1363, 1365 (D.C.1984) (citations and internal quotation marks omitted).

**11.** The court later extended this deadline for another thirty-five days.

We conclude that the case should be remanded to the trial court with directions to reconsider the choice of sanctions without reference to Rule 11. We have held that there was no Rule 11 violation associated with the filing of the complaint, and that appellant's evasive and incomplete answers to interrogatories violated Rule 37. We have abstained from deciding (see note 8, *supra*) whether the defective interrogatory answers violated Rule 11 as well as Rule 37, a question to which there is no ready answer.[12] Whether the discovery violations alone were sufficient to warrant dismissal, rather than a lesser sanction, is a matter we will leave to the trial court to decide anew on remand.

We reverse the order of August 15, 1989, dismissing appellant's complaint and entering judgment against appellant for $150.00. We vacate that portion of the order of May 31, 1989, which requires appellant to pay the District of Columbia $1,070.00. We remand this case to the trial court for further proceedings consistent with this opinion.[13]

*Reversed in part, vacated in part, and remanded.*

---

**12.** Most of the federal courts that have considered the issue hold that Rule 11 does not apply to answers to discovery requests. They are governed instead by the discovery rules, including the comparable FED.R.CIV.P. 26(g). *See, e.g., Brubaker v. City of Richmond,* 943 F.2d 1363, 1383 n. 26 (4th Cir.1991); *Project 74 Allentown, Inc. v. Frost,* 143 F.R.D. 77, 83 n. 8 (E.D.Pa.1992). Some courts hold that both rules apply. *E.g., Jankins v. TDC Management Corp.,* 131 F.R.D. 629, 630 (D.D.C.1989). We have found only two cases which squarely hold that Rule 11 applies to a refusal to provide information in response to a discovery request. *R.W. International Corp. v. Welch Foods, Inc.,* 133 F.R.D. 8, 11 (D.P.R.1990), *rev'd on other grounds,* 937 F.2d 11 (1st Cir. 1991); *Bergeson v. Dilworth,* 132 F.R.D. 277, 286–287 (D.Kan.1990). The local rule corresponding to FED.R.CIV.P. 26(g) is Super.Ct.Civ.R. 26(h), which may also be applicable here.

We note that FED R.CIV.P. 11 was amended late in 1993. One of the amendments added a new subsection (d), which expressly states that the sanction provisions of the rule do not apply to discovery requests and responses. The 1993 amendments have not yet been incorporated into the local Rule 11, but the Superior Court is currently considering whether to do so, and to what extent.

**13.** Although we decline to consider the arguments relating to the sanctions imposed on appellant's counsel, we do so without prejudice to any right counsel may have on remand to seek reconsideration of those sanctions in light of this opinion. *See Mylett v. Jeane,* 910 F.2d 296, 300–301 (5th Cir.1990).

