Eileen THOUBBORON,
et al., Appellants,

v.

FORD MOTOR COMPANY, Appellee.

Nos. 98–CV–1437, 99–CV–618.

District of Columbia Court of Appeals.

Argued March 1, 2000.
Decided April 20, 2000.

Beverly C. Moore, Jr., with whom John W. Pillette, Washington, DC, was on the brief, for appellants.

Carl R. Schenker, Jr., with whom William T. Coleman, Jr., Richard C. Warmer, and Patrick R. Rizzi were on the brief, for appellee.

Before TERRY, REID, and WASHINGTON, Associate Judges.

TERRY, Associate Judge:

These consolidated appeals are the latest chapter in a decade of litigation in the courts of Pennsylvania, Illinois, and the District of Columbia. This case was one of four proposed nationwide class actions, all involving allegedly faulty transmissions in certain Ford automobiles, filed by attorney Beverly C. Moore, Jr., and others. The complaint in the present case was filed in the Superior Court in February 1991. A few months later, the trial court granted Ford Motor Company's motion to dismiss as time-barred, with prejudice, all individual and class claims. The plaintiffs noted an appeal from that ruling, and in 1993 this court remanded the case to the trial court with directions to determine whether it should have ruled on the plaintiffs' motion for voluntary dismissal without prejudice before granting Ford's motion to dismiss with prejudice. *Thoubboron v. Ford Motor Co.,* 624 A.2d 1210 (D.C.1993) (*"Thoubboron I"*).

After extensive further proceedings, the court ultimately granted the plaintiffs' request for voluntary dismissal without prejudice and awarded costs and attorneys' fees to Ford in the amount of $62,669.16.

The fee award was entered jointly and severally against Mr. Moore, his law firm, and the numerous (approximately thirty-three) named plaintiffs. After a motion to alter or amend the judgment under Super. Ct. Civ. R. 59(e) was denied, the plaintiffs filed a notice of appeal (No. 98–CV–1437). The second appeal (No. 99–CV–618) is taken from the denial of a motion to amend the notice of appeal in No. 98–CV–1437.

## I

In *Thoubboron I* we directed the trial court on remand to consider *de novo* the plaintiffs' motion for voluntary dismissal without prejudice. We also said:

> In the event that the judge determines on remand that the dismissal of the complaint should be without prejudice, he may of course impose reasonable conditions, *e.g.*, that the plaintiffs ... shall compensate the defendant for its costs and counsel fees incurred in defending against what has turned out to be the plaintiffs' improvident foray into the courts of this jurisdiction.

624 A.2d at 1216 n. 12 (citations omitted). Accordingly, when the court decided to grant the plaintiffs' motion, it did so on the express condition that plaintiffs reimburse Ford for its costs and attorneys' fees attributable to major portions of this litigation. About two weeks later, Ford submitted to the court an itemized request for $88,228.06 in costs and attorneys' fees, supported by affidavits and other documentation.[1] Ford also specifically contended that "these amounts should be awarded jointly against plaintiffs and their counsel."[2] After plaintiffs filed an opposition, the court in due course issued an order on July 26, 1998, granting Ford's request in part, denying it in part, and awarding $62,669.16 in costs and attorneys' fees. The order stated in pertinent part: "Plaintiffs and their attorneys, Beverly Moore, Jr., Esq., and [his law firm] Moore & Brown, jointly and severally, shall pay to Defendant [the stated amount], less any credit for sums already paid .... "

▮▮▮ We discern nothing in the July 26 order that warrants reversal, in whole or in part; on the contrary, we are in substantial agreement with it. The court carefully explained its reasons for granting Ford's motion in part and denying it in part, examining each specific request in detail. We review such orders only for abuse of discretion, *Bagley v. Foundation for the Preservation of Historic Georgetown,* 647 A.2d 1110, 1115 (D.C.1994), and on this record we find none. Given the protracted history of this litigation, the award strikes us as altogether reasonable, especially considering that the court reduced the total amount that Ford sought by almost 30 percent.[3]

We also reject the plaintiffs' assertion that this appeal should be dismissed as moot in light of the intervening decision of the Supreme Court of Illinois in one of the related cases, *Portwood v. Ford Motor Co.,* 183 Ill.2d 459, 701 N.E.2d 1102, 233 Ill. Dec. 828 (1998). In *Portwood* the court ruled that certain of the plaintiffs' claims were time-barred in Illinois. While it is possible that the present litigation may become moot at some time in the future as a result (at least in part) of the Illinois ruling, it is not moot yet. We conclude that any suggestion of mootness is at best premature.

## II

The notice of appeal from the order awarding costs and attorneys' fees was

---

**1.** In an accompanying memorandum. Ford stated that the amount requested was "less than the costs and fees actually billed to and paid by Ford in connection with Ford's motion to dismiss and Ford's response to plaintiffs' Rule 41 motion and First Motion to Intervene ."

**2.** Appellants' assertion on appeal that the court acted *sua sponte* in imposing joint and several liability is thus refuted by the record.

**3.** We therefore have no occasion to address Ford's alternative claim of estoppel.

captioned in the names of thirty-three plaintiffs.[4] The text of the notice stated that "[e]ach and every named plaintiff hereby appeals" from the challenged orders. When Ford filed its brief in the first of the two instant appeals, it argued that this court "should summarily uphold the order as it applies to Mr. Moore and his law firm" because neither Mr. Moore nor the law firm was named or otherwise identified as an appellant in the notice of appeal. In support of this argument, Ford cited this court's decision in *Walker v. District of Columbia*, 656 A.2d 722 (D.C. 1995), in which we refused to consider an appellant's challenge to the imposition of Rule 11 sanctions against her attorney "because the attorney did not list herself as an appellant in her client's notice of appeal, nor did she file a separate notice of appeal in her own name." *Id.* at 725. In so ruling, we relied on the Supreme Court decision in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988),[5] and on several opinions from various federal circuits (seven out of the nine that had addressed the issue) which had followed *Torres* in rejecting similar claims. *See also Walsh v. Ford Motor Co.*, 292 U.S.App.D.C. 32, 36, 945 F.2d 1188, 1192 (1991) (dismissing an appeal because "no party was adequately 'specified' by the notice of appeal," citing *Torres*).[6]

Thus alerted by Ford, Mr. Moore filed in the trial court a motion to amend the first notice of appeal by adding himself and his law firm as named appellants. He asserted that he had "excusably neglected to include himself as an appellant" because the court had made an "obvious oversight error in including him as jointly and severally liable," and because "neither the named plaintiffs nor anyone else [is] liable for any fees anyway," in light of the Illinois decision in the *Portwood* case. Ford opposed the motion on several grounds, and the court thereafter denied it. From that ruling "Mr. Moore and his firm" noted a second appeal, No. 99–CV–618, which we consolidated with the first one.

█ This court's Rule 3(a) states in part: "The notice of appeal shall specify the party or parties taking the appeal ...."[7] Mr. Moore contends that his motion to amend the notice of appeal should have been granted because he made a sufficient showing of "excusable neglect." We reject this contention for two reasons. First, the term "excusable neglect" appears not in Rule 3(a) but in Rule 4(a)(4), which authorizes the trial court to extend (for no more than thirty days) the time for filing a notice of appeal in a civil case. Since there is no comparable language in Rule 3(a), we conclude that excusable neglect cannot justify amending a notice of appeal in the manner sought by Mr. Moore.

█ Second, even assuming that a showing of excusable neglect might warrant some relief in an appropriate case, and putting aside any issue as to the timeliness of the motion to amend,[8] we cannot grant such relief here. Mr. Moore has surely demonstrated neglect, but we cannot regard it as excusable. The *Walker* case, which is materially indistinguishable from this case, was decided in 1995, three years before the first notice of appeal was filed. *Torres*, on which *Walker* was sub-

---

**4.** There appears to have been one additional plaintiff below, Robert McIntyre, but his name did not appear on the notice of appeal.

**5.** The court held in *Torres* that a federal appellate court lacked jurisdiction over claims presented by "a losing party not named in the notice of appeal." 487 U.S. at 318, 108 S.Ct. 2405.

**6.** The *Walsh* case was one of the four proposed class actions to which we referred in the first paragraph of this opinion.

**7.** The corresponding federal rule, FED. R. APP. P. 3(c), on which *Torres* was based, contains essentially identical language.

**8.** We note that Mr. Moore filed his "excusable neglect" motion almost six months after the notice of appeal was filed.

stantially based, was decided by the Supreme Court in 1988. Most significantly, the *Walsh* case, involving a similar issue and some of the same parties (and the same counsel), was decided in 1991, almost *seven years* before the notice of appeal at issue here was filed. With *Torres, Walker,* and especially *Walsh* on the books, the trial court could, and did, properly conclude that "the failure to include the name of a party to the appeal hardly fits [the definition] of excusable neglect."[9]

### III

For the foregoing reasons, the orders from which these appeals are taken are both

*Affirmed.*

---

9. The court also ruled that the failure to name Mr. Moore and his law firm as appellants did not warrant relief under Super. Ct. Civ. R.

60(b). We find no error in that ruling. *See McMillan v. Choice Healthcare Plan, Inc.,* 618 A.2d 664, 667 (D.C.1992).